CHARLES H. JONES, APPELLANT, vs. H. E. McCALLUM, APPELLEE.

1. A "consideration of some kind is absolutely necessary to the forming of a good contract." To constitute a legal consideration the acts to be mutually done must of benfit and advantage to the promissor, or of detriment or inconvenience to the promisee.

2. When an agreement is made between A. and B., by which B. agrees to pay to A. a sum certain for one year's services to be rendered by A. to B., and further agrees that in the event of A.'s death before the fulfillment of the contract to pay said sum without abatement to A.'s wife, said agreement, so far as it contemplates a payment by B., if no services whatever are performed by A., is a *nudum pactum* and void.

3. When B. agrees to pay A., or in the event of the death of A. before the fulfillment of the contract to the wife of A., a certain sum of money for one year's services, a part performance of the services by A. before his death is a sufficient consideration to enable the wife of A. to recover the entire sum promised by B. It is an agreement to pay a fixed amount whether the services are performed in whole or in part.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*R. B. Archibald* for Appellant.

*Jno. T. & Geo. U. Walker* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This suit was brought by the appellee, H. E. McCallum, widow of H. B. McCallum, on the following agreement: " I promise to pay to H. B. McCallum, or in the event of his death before the fulfillment of this obligation, to his wife, H. E. McCallum, one thousand dollars in equal monthly installments, commencing from this date, in consideration whereof the said H. B. McCallum promises to write for the editorial colums of the *Times-Union* newspaper, or by whatever name I may choose to call the newspaper to result from the consolidation of the *Times* and the *Florida Union*, from time to time, during the period of one year next ensuing, on matters of public interest as his health will permit, and as may accord with his sentiments, and to give me the benefit of his advice and counsel touching the conduct of said newspaper, and in any way he can with propriety and a due regard for his health promote and aid the successs of the said newspaper, but all obligations and promises on his part herein contained shall cease with his death : Provided, that I shall have the right to reject or decline any article that may be contributed by him for any reason satisfactory to me, and further agree and promise to pay to the said McCallum, or in the event of his death to his wife, five hundred dollars, only, however, in the event that at the end of one year from the commencement of the printing of the said consolidated newspaper the net income of said newspaper, from its circulation and

advertising  and  job  departments,  shall  amount  to  not  less
than seventy-five hundred dollars.

"At Jacksonville, Florida, this February 1st, 1883.

"Signed,          C.  H.  JONES."

The defendant filed his plea, setting up that the said II.
B. McCallum died in a  day or  two  after  making the con-
tract, and that he  never  wrote anything whatever for the
columns of said  newspaper,  that he never  gave defendant
any advice or counsel touching the  conduct  of  said paper,
and that he did not in any way promote or aid  the success
of the said newspaper, " wherefore  by  reason of  the utter
failure of the said H. B. MCallum  to do or perform either
of the acts agreed by him to be performed the consideration
for said promise wholly failed."

To this the appellee demurred.   The demurrer was sus-
tained by the court and appellant appealed.

. The sustentation of the demurrer  is the only error as-
signed.

The agreement says:  " I promise  to pay to .H. B. Mc-
Callum, *or in the event of his death before the fulfillment of
this obligation*, to his wife,   *   *   *   one thousand dollars
in equal monthly installments,   *   *   *   in consideration
whereof the  said  McCallum promises to write for the edi-
torial columns of the  *Times-Union*   *   *   for one year.
*   *   But all obligations and promises on his part to cease
with  his  death."  If McCallum should  die  immediately
after  signing  the  contract  and  before  doing  any of the
things mentioned in it,  Jones was to pay the same sum to his
widow  that he was to pay  McCallum himself if he had
lived and performed his  part of the agreement.   In so far
as it bears  this construction it was void on its face.   It is
equivalent  to  an  agreement  to  pay  a  sum  certain  for
. certain services to be rendered with the further agreement
to  pay  the  same  sum  if  the  services  were  not  performed.

To require Jones to pay the sum agreed on whether Mc-Callum should perform the services or not would in the latter event be to force him to pay money without receiving the slightest benefit or advantage therefor to a person who had not been put to any detriment or even inconvenience. Now one or the other of these things, benefit or advantage to the promissor or detriment or inconvenience to the promisee, are necessary to make a legal consideration. Here there is neither. The law aptly terms an agreement to do an act or to pay money or other thing where there is no consideration for it a *nudum pactum*—a *naked* agreement—a promise without legal support, which the law will not enforce, no matter whether verbal or written, or however earnestly and solemnly made.

The contract in this view is void for *want* of consideration, that is to say, so far as it promised payment for no service whatever. The promise to H. B. McCallum to pay to *him* a sum certain for certain services would be free from the objection of a *want* of consideration. A promise is a sufficient consideration to support a promise. But when a promise to pay is made upon the consideration of a promise to perform certain services, before payment can be demanded the services must be performed. If the services are not performed the consideration has failed and the promise based thereon is discharged.

In this case the plea alleges that no service of any kind was performed. The demurrer to the plea admits its truth. There can be but one determination of the question. If *no service* was performed *no pay* was due. The practical result of a *want* of consideration and *failure* of consideration are the same. In the first case the *agreement* is void; in the second the agreement is valid at the time of making, but cannot be enforced because of subsequent failure of the consideration on which it was based.

We think the counsel for appellant puts the proper construction on this very peculiar agreement. He says: "The clear inference to be drawn from it is that Jones is to pay so much money for *some benefit* dependent as to extent, and amount upon the length of time he should live and ability and strength to do the work." Again, "had anything been done by McCallum under the contract we admit that Jones might have been liable for the full year's compensation." We believe that the agreement meant, "if you commence these services the full amount shall be paid whether you finish them or not." In that view a part performance, no matter how slight, would have furnished a sufficient consideration to have authorized a demand of the one thousand dollars. We do not think that the agreement meant to pay in the event no service whatever was performed, and if it did, as we have seen, such a promise was void.

Judgment reversed and cause remanded.