PERKINS *v.* BROWN.

1. PROMISSORY NOTES—FAILURE OF CONSIDERATION.
    The consideration for notes given for the purchase price of trees entirely fails where the seller agreed to set out and care for the trees, and failed to do so, as a result of which they became utterly worthless.

2. SAME—PLEADING—GENERAL ISSUE.
    A total failure of consideration for notes in suit may be shown under a plea of the general issue.

Error to Kent; Grove, J.   Submitted October 13, 1897. Decided November 17, 1897.

*Assumpsit* by Herbert D. Perkins against William H. Brown upon a promissory note.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Thompson & Temple*, for appellant.
*Dunham & Thornton*, for appellee.

LONG, C. J.   This action was commenced in justice's court to recover upon a promissory note.   Defendant had judgment.   On appeal to the circuit court the cause was tried before a jury, and defendant again prevailed.   The note was given upon the sale of fruit trees to be set out upon defendant's farm.   A written order, signed by him, was given for the trees, stating the amount to be paid at $111.50.   This order was given in August, 1895.   De-

fendant's contention was that when he signed this order it was agreed by plaintiff's agent, to whom the order was given, that plaintiff would set out the trees and care for them.    Defendant lived in Grand Rapids, and the trees were to be set out on his farm, some miles from the city. In October following, the trees were taken to the farm, and "heeled in."   In November following, the plaintiff called upon the defendant with two notes, each for $56, for the defendant to sign.    Defendant claims that he refused to sign them because the agent from whom he purchased was not present, and that he then stated to the plaintiff that he had an agreement with the agent that he would set out the trees in the spring, and care for the orchard; that the plaintiff then agreed to carry out this contract, and upon this understanding the notes were signed.  The trees were never set out, and for that reason became worthless.   Plaintiff denied the authority of his agent to make such a contract, and denied that he personally ever agreed to set out the trees.    Those questions of fact were submitted to the jury, who found with the defendant.

The claims of defendant are (1) that there was a total failure of consideration; (2) that the setting out of the trees by plaintiff was a condition precedent to his right to recover.    The plaintiff contends (1) that the parol agreement, if any was made, was merged in the written order, and parol evidence was not admissible to change or vary the terms of the written contract; (2) that the defendant could not show failure of consideration under the plea of the general issue.

The court instructed the jury that if they found that the plaintiff promised he would carry out the agreement made by his agent, and upon such promise the notes were executed, such promise would constitute a substantial part of the consideration for the notes, and if such promise and undertaking was not carried out, and the trees became valueless thereby, the plaintiff could not recover. The order did not provide that a note or notes were to be given for the trees.   The only stipulation as to payment

was that six months' time was to be given for one-half, and one year for the balance.

The case does not present the question of an attempt to contradict or vary the written order. When the plaintiff and defendant met, the agreement was made that, if the defendant would give his notes for the trees, the plaintiff would set them out in the spring, and care for them. This he did not do. It was a substantial part of the consideration for which the notes were given. The plaintiff failed to perform this agreement, and the trees became worthless. There was therefore a total failure of consideration. The defendant received nothing. The suit is upon the notes, and, under the plea of the general issue, total failure of consideration can be shown. *Colbath* v. *Jones*, 28 Mich. 280; 1 Shinn, Pl. & Prac. § 740, and cases there cited. The only question of fact in the case was fairly submitted to the jury.

The judgment is affirmed.

The other Justices concurred.