HARRY HOYLE v. GEORGE W. SHIRLEY.

[49 South. 177]

PROMISSORY NOTES.  *Failure of consideration.*

> A failure of consideration is a good defense to a suit on a promissory note ᴠbetween an endorser, having no greater rights than a payee, and the maker, and defendant should not be unduly restrained in making it.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Shirley, appellee, was plaintiff in the court below and Hoyle, appellant, and one Ladnier were defendants there. From a judgment in plaintiff's favor the defendant, Hoyle, appealed to the supreme court.

Hoyle, appellant, purchased the business of Ladnier who was engaged in operating a licensed dramshop in Gulfport, and gave his promissory note payable to Ladnier, to evidence the debt for the unpaid part of the purchase money. Ladnier assigned the note to Shirley, the appellee, and upon Hoyle's failure to pay it when due Shirley instituted this suit. Hoyle offered on the trial to show that at the time of the execution of the note and as a part of its consideration, Ladnier agreed to protect the dramshop business from all judgments which might be rendered against him, and warranted that there would be nothing to prevent the dramshop from remaining open until the license to operate the same should expire by limitation; and further agreed, that in the event he failed to protect the business, the note should be void; that Ladnier failed to protect the business as agreed, and as a result the dramshop was compulsorily closed more than three months before the expiration of the time for which the license was granted. On objection by plaintiff, the court declined to allow defendant to introduce testimony as offered.

The opinion of the court further states the facts.

*J. L. Heiss, J. H. Mize* and *R. C. Rowan,* for appellant.

The appellant offered to prove that Ladnier had promised to protect the business by paying off all judgments and debts for a specified time, and that Ladnier had failed to do so and hence the consideration for the note had failed. Appellant on the trial offered to show in evidence that judgments had been rendered which affected the business, and that Ladnier had failed to protect the business from such judgments and from other debts, in violation of his agreement. The court below, in holding such evidence to be incompetent, shut appellant off from showing the true consideraion of the note and how the same had failed. In other words the court declined to allow appellant to prove the facts on which his defense was based.

It is, of course, well settled that whatever defense Hoyle, the appellant, had against Ladnier existed also in appellant's favor against the appellee, Shirley.

*Evans & Hardy,* for appellee.

We think the court did not err in its ruling. Appellant's counsel asked "What was the contract between you and Ladnier at the time you executed the note sued on? Counsel for appellee objected to this question, whereupon the court below made inquiry: "Do you propose to show failure of consideration? Counsel for appellant replied in the affirmative, whereupon the court directed counsel for appellant to ask, not what the contract was, but "What was the consideration for which the notes were given?" Counsel for appellant objected to this, but the court overruled the objection, and, after exception by appellant to the question, witness answered, "It was for liquor and the business of the Union saloon owned by Ladnier." At this point, for reasons best known to opposing counsel, the question propounded was withdrawn. If such interrogatory and answer had been permitted by counsel for appellant to stand, then, un-

der the express ruling of the court, appellant would have been not only permitted but advised to then show the failure of consideration which he might consider to be available under the circumstances.

It will be seen that the court below later gave appellant permission to show the true consideration for which the notes had been given. At no time did counsel for appellant state or intimate during the trial that it was necessary to detail the facts of the contract under which the notes were given in order to show the failure of consideration.

MAYES, J., delivered the opinion of the court.

It was perfectly competent for Hoyle to show that the consideration for the note given by him to Ladnier and by Ladnier assigned to plaintiff had failed. This Hoyle undertook to do, and his counsel offered to show that the consideration for which he executed the notes had failed; but we think, under the court's ruling, Hoyle was shut out from making this defense. It is true that his counsel asked, "What was the contract between you and Ladnier at the time you executed the note sued on?" Whereupon the court directed counsel to ask, not what the contract was, but "What was the consideration for which the note was given?" Counsel for Hoyle then stated that he proposed to show that the consideration failed, in that Ladnier had promised to protect the business which Hoyle had bought from him, and which constituted the consideration, by paying off all judgand debts for a specified time, and Ladnier failed to do this, and hence the consideration for the note failed. The plaintiff objected to this, and the court stated that he did not think the testimony offered by counsel was competent.

On reviewing the record, we think that the appellant was unduly restricted by the court in his effort to show a failure of consideration, and for this reason the judgment is *reversed* and cause *remanded.*