MICHAEL KLEMTNER, *Plaintiff in Error,* v. THOMAS J. PETERS AND M. B. NEWMAN, PARTNERS UNDER THE FIRM NAME AND STYLE OF PETERS & NEWMAN, *Defendants in Error.*

### Division A.

### Opinion Filed November 2, 1925.

1. Where a promise to perform a service, not severable undertakings but a single transaction, is the consideration for a promissory note, a plea averring that the service had not been performed, though the agreed time for performance had elapsed, is a good plea of failure of consideration.

2. On the theory that a litigant has stated his case or defense as strongly as the facts and circumstances will permit, pleadings are construed most strongly against the pleader.

3. Where in an action by an endorsee upon a promissory note it is not alleged in the declaration that the plaintiff acquired the note before maturity it will be assumed on demurrer to a good plea of failure of consideration that the plaintiff took the note with notice of the facts averred in such plea.

A Writ of Error to the Circuit Court for Dade County; A. J. Rose, Judge.

Reversed.

*John M. Murrell,* for Plaintiff in Error;

*E. M. Atkinson*, for Defendants in Error.

WEST, C. J.—This action is by an endorsee against the maker, to recover the amount of a promissory note, principal, interest and attorney fees. According to the allegations of the declaration, the note was made by Michael Klemtner, payable to M. B. Newman, who endorsed it to plaintiffs, a co-partnership of which it appears from the declaration he is one of the members. But whether the endorsement to plaintiffs was before or after maturity, is not alleged. Pleas were filed to the declaration, one averring partial failure of consideration, the other total failure of consideration. Demurrers to these pleas were, upon a hearing, sustained. Defendant refused to further plead, and plaintiffs took judgment. To review this judgment writ of error was taken from this court. There is no bill of exceptions in the record.

The errors assigned are the rulings sustaining the demurrers to pleas, and entering default and final judgments for plaintiffs.

The plea of total failure of consideration avers that on March 2, 1923, plaintiffs were agents of one Nathan Neufeld, for the rental of certain described property in the city of Miami; that plaintiffs induced the defendant to lease said premises for a period of ten years for a stated annual rental, in addition to which rental Neufeld agreed to spend a large sum in the improvement of the property and the purchase of fixtures appropriate for the business in which he intended to engage in said building; ''that the said Neufeld would not pay them a full commission, and the defendant informed the plaintiffs that if they would help him get this lease and put him in possession of the premises under the terms thereof, that he would pay them one-half of the commission, the sum of seven hundred fifty ($750.00)

15—Vol. 90.

dollars, and the plaintiffs induced the defendant to sign a note for said sum without interest, stating that they needed the money and could use the note. The said Neufeld refused to carry out the terms of his said lease, and refused possession of the premises to the defendant, and the defendant having deposited the said $5,000.00 with the said Neufeld, and having $5,000.00 more on deposit for several months for the use of the said Neufeld on the terms of his said lease and agreement, the defendant was forced to accept his money back from the said Neufeld without interest, causing him great loss of money for making preparations for taking possession of said building, and he never did receive possession of the premises so leased, but on the contrary was forced to lay out and pay divers large sums of money the exact amount of which is to the defendant unknown, and having never received the possession of the said building and restaurant under the terms of the agreement for which the note is consideration for the services of the plaintiffs and the plaintiff's services having not been completed, the defendant pleads a total failure of consideration, and prays that this suit may be dismissed to the plaintiffs in their behalf most wrongfully brought."

As we read this plea, the consideration for the note sued on was plaintiffs' agreement to "help him (defendant) get this lease and put him in possession of the premises under the terms thereof;" that said Neufeld (the lessor) refused to carry out the terms of his said lease and "refused possession of the premises to the defendant," and that "he (defendant) never did receive possession of the premises so leased." Obtaining the lease and putting defendant in possession of the premises described *under the terms thereof*, are not, according to the averments of the plea, severable undertakings, within the contemplation of the parties, but are elements of a single transaction for which the al-

leged consideration was agreed to paid. Possession of the premises, "under the terms thereof," that is to say, of the proposed lease, was the vital and important thing to the defendant, and without which the lease would have been of no value, but a futile and useless thing.

This plea is suffficient to admit supporting evidence of a failure of consideration under the rule that where a promise to perform a service is the consideration for a note, a plea averring that the service had not been performed, though the agreed time for performance had elapsed, is a good plea of failure of consideration. McCranie v. Cason, 79 Fla. 857, 85 South. Rep. 160; Odlin v. Stuckey, 76 Fla. 42, 80 South. Rep. 291; Jones v. McCallum, 21 Fla. 392; Hoyle v. Shirley, 94 Miss. 466, 49 South. Rep. 177; Perkins v. Brown, 115 Mich. 41, 72 N. W. Rep. 1095; Hawks v. Truesdell, 12 Allen (Mass.) 564.

The question of whether the plaintiffs are, or could be under the facts alleged, *bona fide* purchasers of the note sued on for value and without notice is not involved.

On the theory that a litigant has stated his case or defense as strongly as the facts and circumstances will permit, pleadings are construed most strongly against the pleader. Williams v. Fourth National Bank of Jacksonville, 74 Fla. 383, 77 South. Rep. 106; Florida East Coast R. Co. v. Peters, 72 Fla. 311, 73 South. Rep. 151; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 South. Rep. 1024.

The declaration does not contain an allegation that plaintiffs' co-partnership acquired the note before maturity from the partner to whom it was made payable. It will be presumed, theerfore, that at the time of the endorsement to the partnership, it had notice of the facts and circumstances averred in the plea, the truthfulness of which is admitted by the demurrers.

For the error indicated the judgment is reversed.

Reversed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.