Appellant filed a bill of complaint seeking to foreclose a vendor's lien of $3000.00 with interest on the purchase price of two orange groves. The bill also sought a lien for the care and maintenance of the groves by virtue of the contract.
The defendant's answer asserted a counter-claim and affirmative relief was prayed for. The basis of the asserted counter-claim is commissions claimed by appellee as real estate salesman from March 9, 1922, to April 1, 1929. The answer asserted that on the 9th of March, 1922, complainant entered into a certain written contract employing the defendant as one of its agents to represent it in the States of North Carolina and Virginia in the sale of its land. The terms and conditions of such employment being particularly set forth in said contract of employment attached, and further that said contract continued in full force and effect until on or about the first day of April, 1929.
Replication was filed, reference was had to a special examiner and testimony was taken before said examiner.
The court below by final decree in the cause, dated October 17th, 1930, found for the complainant for principal *Page 182 
and interest in the amount of $3599.16, and for grove care with interest $357.34, making a total of $3956.50, and for the defendant Lee W. Wicker, on his counter-claim against the complainant, for principal and interest to date of the decree in the amount of $9392.92, and thereupon decreed that the complainant forthwith convey to the defendant the lands described in the bill of complaint and after deducting the amount found due the complainant from the amount found due to the defendant, decreed that the defendant do have and recover of and from the complainant the difference in said amounts, to-wit, $5436.42, together with costs and have execution therefor.
This appeal is from the final decree.
There was no controversy as to the debt for the land and the amount allowed complainant for principal and interest of $3599.16 is correct.
The uncontroverted evidence showed the amount which should have been allowed for care and maintenance of the groves was $601.30. The decree allowed the defendant $132.81 for fruit gathered from defendant's groves.
The 7th assignment of error is as follows:
 "The court erred in considering the contemporaneous agreement to vary the written contract of employment of * * * Wicker."
Defendant offered in evidence employment contract of March 9, 1922, providing for a 15% commission on sales and testified to making a large number of sales and that he worked under this contract until he resigned in April, 1929.
Complainant offered in evidence employment contract between complainant and defendant of later date, fixing defendant's commission on sales at 12 1/2%. Defendant admitted executing the second contract fixing his commission *Page 183 
on sales 12 1/2% and testified that before signing this contract he had resigned from the company and refused to work for the company upon the basis of commissions therein set forth and that at the time of execution of the second contract, the vice-president and general manager of complainant company agreed with defendant that the basis of commissions in the second contract set forth would not be binding upon the defendant.
The court below allowed the defendant 15% commission upon sales made by him after execution of the 2nd employment contract.
The second employment contract expressly treated the subject of the amount of defendant's commissions and specified the amount of such commissions and the terms under which they were payable.
A party cannot either in law or equity contradict or vary the terms of an unambiguous written contract by showing that notwithstanding he signed such contract, it was with the understanding resting in parol that he was not to be bound by its terms. E. J. Sparks Enterprises Inc. v. Christman, 95 Fla. 928, 117 So. 388.
The court below allowed defendant ground salesman commissions for assisting in making sales on the property. These allowances were in excess of small commissions already allowed and paid to defendant by complainant. They were not covered by the terms of the written contract between the parties, and such additional allowances are not supported by the evidence.
The final decree appealed from is reversed and this cause is remanded with directions to enter the usual decree, for the complainant for the amount found to be due complainant for principal and interest upon the purchase-money contracts and the further sum of $601.30 for care *Page 184 
and maintenance of the groves and with a deduction from the amount found due complainant of $132.81 allowed defendant for fruit removed from the groves.