HOLLY HILL GROVE & FRUIT COMPANY, a corporation, *Appellant, vs.* LEE W. WICKER, *Appellee.*

143 So. 882.

Opinion filed September 13, 1932.

Petition for rehearing denied November 1, 1932.

*Milam, McIlvaine & Milam,* of Jacksonville, for Appellant;

*Huffaker & Edwards,* of Bartow, for Appellee.

PER CURIAM.—Appellant filed a bill of complaint seeking to foreclose a vendor's lien for $3000.00 and interest against two groves or tracts of land aggregating 15 acres. The bill also sought a lien for maintenance of the groves.

The answer of the defendant asserted a counterclaim for commissions on sales of real estate made between March 9th, 1922, and April 1st, 1929, and prayed for affirmative relief.

The court below, by decree of October 17th, 1930, found for complainant for principal and interest and grove care with interest in the amount of $3956.50, and for Lee W. Wicker on his counterclaim with interest in the amount of $9392.92, and after deducting the lesser amount from the greater, decreed that complainant convey the lands involved to the defendant and that the defendant have judgment against complainant for $5436.42 with costs.

Upon appeal (See 133 So. 622), this Court disallowed the defendant's set-off for commissions and interest and decreed the entry of the "usual decree for the complainant for the amount found to be due complainant for principal and interest upon the purchase money contracts, and the further sum of $601.30 for care and maintenance of the groves, and with a deduction from the amount found due complainant of $132.81 allowed defendant for fruit removed from the groves."

Upon a rehearing (See 135 So. 780), this Court decreed "that the former opinion and judgment in this cause should be modified to allow defendant a commission of 15% on all sales by him made * * * in States other than North Carolina * * * excepting * * * sales

made by defendant in which refund or cancellation of commission appears to have been authorized by him and except * * * sales made and recognized as ground-sales;'' and remanded the cause for entry of a decree in conformity with the several decrees of this Court.

On September 18th, 1931, the court below found the amount due to complainant by defendant Lee W. Wicker for principal and interest on the purchase money contracts to be $3766.68 and for grove care with interest to be $379.66, and for costs of appeal $110.75, making a total of $4257.19.

And found the amount due defendant Lee W. Wicker from complainant as of that date to be:

|     |                                                                                    |           |
| --- | ---------------------------------------------------------------------------------- | --------- |
| (a) | For commission on sales made in States other than North Carolina                   | $1308.99  |
| (b) | And for commissions earned and charged back on seven certain sales                 | 1970.00   |
| (c) | And for additional commission on four other sales                                  | 1030.00   |
| (d) | And for interest at 8% on items (a), (b), and (c), above, from May 1st, 1929        | 821.59    |
| (e) | And for 1929-1930 fruit crop                                                       | 167.81    |
| (f) | And for interest on item (e)                                                       | 16.35     |
|     | Making a total of                                                                  | $5314.74  |

And after deducting the amount found due complainant from the amount found due defendant, decreed that complainant convey the lands involved to defendant, and that defendant have judgment against complainant for $1057.55, with costs.

Upon rehearing, the former opinion of this Court was modified only to the extent of allowing an additional 2½% on sales made outside of North Carolina after a certain date.

The original opinion (133 So. 622) fixed the amount allowed complainant for grove care at $601.30. This

amount was not changed on rehearing (See 135 So. 780).

It was error to allow defendant the amount shown in item (b), supra, aggregating $1970.00, as these items were represented by contracts which appear to have been cancelled under authority from the defendant.

It was also error to allow defendant the amounts shown in item (c), supra, aggregating $1030.00, these items appearing mainly as ground-sales, and none of them were allowable, under the evidence.

The court below erred in allowing the defendant $167.81 for fruit, inasmuch as the mandate required the allowance of only $132.81 for said fruit.

The lower court allowed the defendant interest at 8% per annum from May 1st, 1929, upon allowances by way of off-sets. The purchase money notes held by complainant bore only 6% interest. And off-set should bear no greater rate of interest than the principal against which it is set-off, the reason being that the principal sum due the plaintiff is merely reduced by the amount of the off-set. The allowance should have been a mere reduction of plaintiff's principal claim, or else the allowance of 6% interest to equalize the interest rates.

Error is assigned upon the action of the court below in taxing costs against the complainant in the amount of $155.70 paid out and expended by defendant. The general rule in regard to costs is that they follow the result of a suit. In a court of equity, this rule is departed from when the failing party can show to the court any circumstances which render it unjust that he should pay the costs of the proceeding. Wilhelm vs. Adams, 102 Fla. 669, 136 So. 397. It appears that upon re-entry of a decree by the court below that the net results of the suit will be quite materially changed and the costs may be properly taxed according to the general rule.

For the errors pointed out, this case is again reversed

and remanded with directions to the court below to find for the complainant in the principal sum of $3000.00, as evidenced by the purchase money notes, with interest thereon at 6% per annum to date of such decree, and for grove care in the amount of $601.30 with interest thereon at 6% to date of such decree; and to find for defendant, Lee W. Wicker in the principal sum of $1308.99 for sales made outside of North Carolina with interest thereon at 6% from April 1st, 1929, to date of such decree, and also for the defendant Lee W. Wicker for fruit from the groves in the amount of $132.81 with interest thereon at 6% from July 1st, 1930, to date of such decree.

And the court below, after having ascertained the amounts due the complainant and the amounts due the defendant Lee W. Wicker, in the manner and as hereinabove directed, is hereby further directed to deduct the amount so ascertained to be due defendant Lee W. Wicker from the amount so ascertained to be due the complainant, and thereupon having in this manner and way arrived at the difference in the amounts so found and ascertained to be due complainant and defendant, to enter a final decree of foreclosure for such difference in amount so ascertained as directed, and decree such difference in amounts to be a lien in favor of complainant on the lands and property in the bill of complaint described to secure the same with an amount equal to one-half costs of this proceeding, together with one-half costs of the former appeal, and therein order and decree that the defendant do pay such difference with one-half the costs together with one-half the costs of this appeal; and that in default of payment within the time fixed by the court below, that all right, title and interest of complainant and defendant in and to the lands in the bill described be sold at public auction, according to the estab-

lished practice of such court, after notice duly given, and with provision in such final decree that the complainant may be a bidder at any such sale or sales so made, and that upon confirmation of such sale, the defendant and all persons claiming by, through or under him be barred and foreclosed of every right, title, interest or claim in and to said lands and property.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.