MARK C. McCOMB v. HYGEIA COCA-COLA BOTTLING WORKS.

188 So. 219.

Division B.

Opinion Filed April 18, 1939.

*Philip D. Beall* and *Philip D. Beall, Jr.,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

PER CURIAM.—This case is here on writ of error in review a final judgment entered for the defendant below by the Circuit Court of Santa Rosa County, Florida. The court entered an order overruling a demurrer and motion of plaintiff to strike certain pleas of the defendant numbered 5 to 8, inclusive. There was a judgment for the defendant entered on the demurrer and an appeal has been perfected to this Court and these rulings are assigned as

error here. Counts 1 and 2 of plaintiff's declaration are, viz.:

"The plaintiff, Mark C. McComb, sues the defendant Hygeia Coca-Cola Bottling Works, Inc., a corporation, for that on the 10th day of July 1933, plaintiff was employed by and engaged in the business of the defendant and while so engaged in the discharge of his duties was injured under such circumstances as he claimed rendered said defendant liable to him in damages. That said defendant then and there had and maintained in force certain liability insurance covering its employees, including plaintiff. That thereafter one Yeargin, then and there the manager of defendant proposed to plaintiff that if plaintiff signed a release of said insurance company, though same on its face appeared to be of the defendant, and in the form and of the tenor submitted by the said liability insurance company, that in consideration thereof, and in consideration of the release of any claim for damages against said defendant, said defendant would agree to employ plaintiff for the balance of his natural life, or as said manager put it, give him a lifetime job, equally as remunerative as the one then held by plaintiff. That plaintiff was then and there earning in said employment and as compensation therefor, the sum of $140.00 per month. That plaintiff then and there agreed thereto and executed the release in the form and tenor submitted and continued in the discharge of his duties with said defendant, and said defendant continued to carry out its said contract of employment for the natural life of plaintiff, for more than three years, and until a change in the management of said defendant company, at which time said defendant repudiated said contract, and discharged the plaintiff on the 9th day of October, 1936. That though plaintiff has endeavored to secure other employment he has been unable to date to do so. That because of the unwar-

ranted action of the said defendant in the breach of its contract as aforesaid, plaintiff has been damaged in the sum of $140.00. Wherefore, he sues and claims damages in said sum.

"SECOND COUNT. The plaintiff, Mark C. McComb, further sues the defendant, Hygeia Coca-Cola Bottling Works, Inc., a corporation, for that on the 10th day of July, 1933, plaintiff was employed by and engaged in the business of the defendant and while so engaged in the discharge of his duties was injured under such circumstances as he claimed rendered said defendant liable to him in damages. That said defendant then and there had and maintained in force certain insurance covering its' employees, including plaintiff. That thereafter one Yeargin, then and there the manager of defendant proposed to plaintiff that if plaintiff signed a release of said insurance company, though same on its fact appeared to be of the defendant, and in the form and of the tenor submitted by the said liability insurance company, that in consideration thereof, and in consideration of the release of any claim for damages against said defendant, said defendant would agree to employ plaintiff for the balance of his natural life, or as said manager put it, give him a lifetime job, equally as remunerative as the one then held by plaintiff. That plaintiff was then and there earning in said employment as compensation therefor, the sum of $140.00 per month. That plaintiff then and there agreed thereto and executed the release in the form and tenor submitted and continued in the discharge of his duties with said defendant, and said defendant continued to carry out its said contract of employment for the natural life of plaintiff, for more than three years, and until a change in the management of said defendant company, at which time said defendant repudiated said contract, and discharged the plaintiff on the 9th

day of October, 1938. That though plaintiff has endeavored to secure other employment he had been unable to date to do so. That because of the unwarranted action of the said defendant in the breach of its contract as aforesaid, plaintiff has been damaged in the sum of $15,000.00. Wherefore, he sues and claims damages in the said sum."

Pleas of defendant are, viz.:

"5. That the alleged injury of the plaintiff was not sustained under such circumstances as to make this defendant liable in damages to the plaintiff therefor; that thereafter the alleged release was executed by the plaintiff on to-wit, the 1st day of December, 1933, long after his alleged injury, in consideration of the sum of $160.00 paid to him, the body of the said release signed and executed by him in the words and figures following:

" 'For the sole consideration of the sum of One Hundred Sixty and 00/100 Dollars, this 1st day of December, 1933, received from Hygeia Coca-Cola Bottling Works, Inc. I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 10th day of July, 1933, while in the employment of the above.'

"Whereby all previous negotiations, promises, or agreements were merged, discharged, and terminated, including the alleged agreement of employment in the respective counts of the declaration mentioned.

"6. That the alleged release executed by the plaintiff was executed by him on, to-wit, the last day of December, 1933, long after his alleged injury, in consideration of the sum of $160.00 paid to him, the body of said release signed and executed by him being in the words and figures following:

" 'For the sole consideration of the sum of One Hundred

Sixty and 00/100 Dollars, this 1st day of December, 1933 received from Hygeia Coca-Cola Bottling Works, Inc. I do hereby acknowledge full satisfaction and discharge of all claims accrued or to accrue in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 10th day of July, 1933 while in the employment of the above:'

"That the alleged agreement of employment was a verbal agreement made (if made at all) prior to the execution by the plaintiff of the said release, and the defendant avers that by the said release all previous negotiations, promises or agreements were merged, discharged, and terminated including the alleged agreement of employment in the respective counts of the declaration mentioned.

"7. That the alleged injury of the plaintiff was not sustained under such circumstances as to make this defendant liable in damages to the plaintiff therefor; that thereafter the alleged release was executed by the plaintiff on to-wit, the 1st day of December, 1933, long after his alleged injury, in consideration of the sum of $160.00 paid to him, the body of the said release signed and executed by him being in the words and figures following:

" 'For the sole consideration of the sum of One Hundred Sixty and 00/100 Dollars, this 1st day of December, 1933, received from Hygeia Coca-Cola Bottling Works, Inc., I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 10th day of July, 1933, while in the employment of the above.'

"That the alleged agreement of employment was a verbal agreement made (if made at all) prior to the execution by the plaintiff of the said release, and the defendant avers that by the said release all previous negotiations, promises,

or agreements were merged, discharged, and terminated including the alleged agreement of employment in the respective counts of the declaration mentioned.

"8. That the alleged injury to the plaintiff was not sustained by him under such circumstances as to make this defendant liable to him in damages therefor, in that the plaintiff, while an employee of the defendant, driving one of its automobile trucks, on a highway in Santa Rosa County, Florida, ran one of the wheels of same against a piece of board then in such highway without the fault of the defendant, thereby causing such board to fly up and strike him on or about one of his eyes; that thereafter the alleged release was executed by the plaintiff on to-wit, the 1st day of December, 1933, long after his alleged injury, in consideration of the sum of $160.00 paid to him, the body of the said release signed and executed by him being in the words and figures following:

" 'For the sole consideration of the sum of One Hundred Sixty and 00/100 Dollars, this 1st day of December, 1933, received from Hygeia Coca-Cola Bottling Works Inc., I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 10th day of July, 1933, while in the employment of the above.'

"That the alleged agreement of employment was a verbal agreement made (if made at all) prior to the execution by the plaintiff of the said release, and the defendant avers that by the said release all previous negotiations, promises, or agreements were merged, discharged, and terminated including the alleged agreement of employment in the respective counts of the declaration mentioned."

The question presented for decision here is: When a release of a claim for personal injuries is executed and

delivered in the form, viz.: ` "For the sole consideration of the sum of One Hundred Sixty and 00/100 Dollars, this 1st day of December, 1933, received from Hygeia Coca-Cola Bottling Works, Inc., I do hereby acknowledge full satisfaction and discharge of all claims, accrued or to accrue in respect of all injuries or injurious results, direct or indirect, arising or to arise from an accident sustained by me on or about the 10th day of July 1933, while in the employment of the above," can it be shown by parol testimony that there was a prior or contemporaneous additional consideration for said release?

It is fundamental that a pleading should be construed most strongly against the pleader on the theory that a litigant has stated his case or defense as strongly as the facts and circumstances will permit. See Klemtner v. Peters, 90 Fla. 448, 106 So. 401; Woodcock v. Wilcox, 98 Fla. 14, 122 So. 789. Plaintiff's demurrer to the pleas, supra, while challenging the legal sufficiency thereof, admits the well pleaded allegations or averments of facts appearing therein. See Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 So. 950. The plaintiff is shown to have received the sum of One Hundred and Sixty Dollars as the "sole consideration" for the execution and delivery to the defendant of a discharge and full satisfaction of all claims for damages from certain injuries. If the plaintiff is allowed to show on the trial of the cause other considerations flowing from the alleged injury, then the rule against varying the terms of a written instrument will be violated. We have considered the cases cited by counsel for plaintiff in error: Mallard v. Ewing, 121 Fla. 654, 164 So. 674; Henderson v. Kendrick, 82 Fla. 110 , 89 So. 635; Bond v. Hewitt, 111 Fla. 180, 149 So. 606; Reed v. Kansas Postal

Teleg. & Cable Co., 125 Kan. 603, 264 Pac. 1065, 57 A. L. R. 275, and Annotations pages 279 to 284.

The case of Sparkman Enterprises v. Christman, 95 Fla. 928, 117 So. 388, was an action to recover on promissory notes. Pleas thereto were filed by the defendant to the effect that at the time of the signing and delivery of the notes sued upon there existed a parol agreement between the parties, contemporaneous therewith, that the maker of the notes was not obligated to pay according to the amount, terms and conditions as expressed in the notes. It was held that a party cannot, either in law or equity, contradict or vary terms of his written unambiguous contract by showing that while he signed the same, there was an agreement resting in parol that he was not bound by the terms thereof. Such pleas present no defense and were held bad on demurrer. See Holly Hill Grove & Fruit Co. v. Wicker, 101 Fla. 181, 133 So. 622; Stonebraker v. Reliance Life Ins. Co., 123 Fla. 244, 166 So. 583; Milton v. Burton, 79 Fla. 266, 84 So. 147; Georgia Home Ins. Co. v. Hoskins, 71 Fla. 282, 71 So. 285; Bryan v. St. Andrews Bay Com. Hotel Corp., 99 Fla. 132, 126 So. 142; Bacon v. Green, 36 Fla. 325, 18 So. 870; Robinson & Co. v. Hyer Bros., 35 Fla. 544, 17 So. 745; Jenkins v. Lykes, 19 Fla. 148, 45 Am. St. Rep. 19; Spann v. Blatzell, 1 Fla. 301, 46 Am. Dec. 346.

The rule, *supra*, does not conflict with the holding of this Court as expressed in Herrin v. Abbe, 55 Fla. 769, 46 So. 183, 18 L. R. A. (N. S.) 907, where a conveyance expressed a consideration of One Dollar and other valuable considerations. The Court was trying to determine the true consideration as expressed in the conveyance and received parol evidence for the purpose of ascertaining the consideration for the deed. The expression of the deed as to the consideration was not complete and parol evidence

was received to determine the correctness of the consideration.

We have given careful consideration to the contention of counsel for plaintiff in error and have concluded that there is no error in the record. The judgment appealed from is affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.