PER CURIAM.
This was a suit in equity, to foreclose a mortgage bearing interest at six, per cent, payable semi-annually. The mortgage was given by the Zaconicks to Schwartz to secure a note for $7,000. For full statement of facts and judgment of this Court .as. to basis of this appeal, see Schwartz v. Zaconick, Fla., 68 So.2d 173. Upon going down of the mandate,, defendants moved to amend their answer. Before the Court ruled on said motion the plaintiff moved to set aside the final decree appealed .from, for summary final decree for sale of the mortgaged properties, for attorney’s fees and for costs. At the hearing on these motions the Chancellor declined to set aside the final decree and entered his order of June 9, 1954, as amended June 11, two days. later, in which he permitted defendants to file their amended answer and denied plaintiff’s motion for summary judgment. We are confronted with an appeal by certiorari from this order.
We think it was error for the trial court to permit defendants to.again proffer the contemporaneous oral agreement not to pay interest on the note as between the parties under the guise of an answer seeking affirmative relief through reformation of the mortgage. Defendants bottomed *110 their request upon “error and mistake of law on the part of the defendants and error and/or fraud and misrepresentation on the part of the plaintiff.” On this point defendants previously had their day in court, including an appeal to this Court. They, having elected to stand on the validity of the oral contemporaneous agreement in the trial court and subsequently argued that issued here, are now estopped to assert the same defense by reformation. Schwartz v. Zaconick, supra, concludes the matter.
The defendants’ amendment to their answer alleged for the first time a claim for set-off of $700 arising from the plaintiff’s purchase of an automobile from the defendants on or about May 1, 1948. The petitioner contends that such set-off is barred by the statute of limitation. Were it not for the fact that the Chancellor in his final decree of June 26, 1952 (reversed in part in Schwartz v. Zaconick, supra) perpetually enjoined the common law action in which this debt had been asserted by defendants and admitted by the plaintiff, there might be merit in this contention. While the common law action was enjoined pending disposition of this proceeding, we think the statute of limitation as to said claim was tolled so the Chancellor could permit or deny the set-off as the equities might warrant. It does not otherwise appear that the Chancellor abused his discretion in permitting the defendants to amend their answer.
The petitioner also contends that failure of the Chancellor to set aside the final decree entered June 26, 1952 and to grant his motion for summary relief was error. In other words, he says that the Chancellor committed error in not setting aside that portion of the decree assessing costs against the plaintiff including the master’s fee of $1,000. He contends that the Chancellor should have impressed upon the respondents not only the costs assessed by the said decree but should have in addition thereto assessed and imposed certain additional costs arising out of the former appeal to this Court wherein the cause was remanded for further proceeding consistent with the opinion and mandate issuing from this Court, directing that the appellant recover his costs on this behalf. The total costs sought by the petitioner, in addition to attorney fees, aggregated $1,858.47.
On February 2, 1954 the mandate of this Court went down stating, inter alia, that “Appellant to have and recover of and from the Appellees his costs by him in this behalf expended.”, but no amounts were fixed. Subsequent thereto on March 9, 1954 appellee (the respondents in the present proceedings) filed a motion in this Court, requesting us to assess the $12 filing fee paid by appellants to the clerk upon filing the appeal and to direct the clerk to tax all other costs against appellant. The Court denied this motion, and thus left intact that portion of the trial court’s order of June 26, 1952 assessing costs, etc., against the appellant.
 The trial court, having been ordered to proceed as required by the opinion of this Court, had jurisdiction to proceed with the litigation and enter such orders as the equities warrant, including the apportionment of costs and attorney fees, at the conclusion of the litigation. The general rule is that costs follow the results of the litigation but in equity this rule may be departed from according to the circumstances. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397; Holly Hill Grove & Fruit Co. v. Wicker, 107 Fla. 765, 143 So. 882. It is quite evident that the equities of this case require departure from the rule, for which it is committed to the Chancellor for his consideration and the apportionment of costs and attorney fees as to him may seem right and just.
The petition for writ of certiorari is accordingly granted and the decree appealed from is affirmed in part and reversed in part.
ROBERTS, C. J., and TERRELL, THOMAS and HOBSON, JJ., concur.