PEARSON, TILLMAN, Chief Judge
(dissenting).
I must respectfully dissent from the Order on Petition to Review Judgment for Costs. The general rule is that costs follow the results of the litigation, but in equity this rule may be departed from according to the circumstances. Schwartz v. Zaconick, Fla.1954, 74 So.2d 108. It is my view that the equities of this case require such a departure.
By order the trial court taxed costs as follows:
“CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Plaintiffs do have and recover from the defendant, City of Miami, and the Interveners, Mr. and Mrs. Sydney L. Weintraub and Brickell Hammock Civic Association, the sum of $2,056.00 for which the Clerk of this Court be and he is hereby ordered to issue execution for the same.”
These costs were expended by the plaintiff-landowner who was successful in establishing that the existing City of Miami zoning upon his property was so unreasonable as to be void. The appellants, Mr. and Mrs. Sydney L. Weintraub and the Brickell Flammock Civic Association, were inter-veners in the trial court.- The burden of their intervention was to try to sustain the zoning standard previously set by the defendant City. The court when it granted this petition to intervene made them defendants for all purposes; therefore, the court could properly assess costs against all defendants.
*58 Nevertheless, the burden of defending the city’s zoning plan ought to fall upon all the citizens and not particularly upon neighbors who are by the natural order of things interested in maintaining the status quo. This is true because it does not appear that the defendant-interveners instigated or caused the litigation, and it was incumbent upon the plaintiff to prove his case even if the City had not so vigorously defended the cause.
I would hold that it was an abuse of discretion to tax trial costs in this case against the defendant-interveners and would direct that the order be amended by striking their names therefrom, leaving the City of Miami as cost judgment debtor.