PER CURIAM.
Appellant, plaintiff below, seeks review of a final order granting the motion of appellee-defendant to set aside a jury verdict rendered in plaintiff’s favor and the entry of judgment for the defendant, notwithstanding the verdict.
This was an action to recover salary allegedly due appellant from appellee. The facts giving rise to the instant appeal are as follows: Max Binz, the president and director of appellee corporation, a small holding company, was the divorced husband of appellant. He held these offices from the time of the formation of the corporation in December, 1952, until his death in 1955.
In December, 1952, appellant was duly elected assistant secretary of the appellee corporation and her salary was fixed at $75 per week, which was paid to her until April, 1956. In March, 1961, appellant brought suit seeking judgment for salary allegedly due her from April, 1956, to date. Her complaint alleged, inter alia, that she had entered into a contract of employment with appellee to last until someone had been appointed to succeed her; that no person had been so appointed; that she was never advised that she had been discharged; and that she stood ready, willing and able to perform her duties.
At the trial, appellee moved for a directed verdict at the close of appellant’s case and at the close of all the testimony. The trial court reserved ruling on these motions and submitted the cause to the jury which returned a verdict in favor of appellant. Thereupon, the court entered an order which granted appellee’s motion to set aside the verdict and entered judgment in accordance with appellee’s motion for a directed verdict. It is this order from which the appellant has appealed.
Without elaborating upon all of the trial court’s findings which were the bases for the above order, suffice it to say that we are of the view that the trial judge was eminently correct. The order, in part, provided :
“(2) The by-laws of the corporation specify duties for all officers and prescribes there shall be an assistant secretary. No duties of assistant secretary were prescribed. To hold one’s self in readiness to perform no duties does not provide consideration for a contract.”
The appellant’s own testimony reflects the fact that there were no duties for her to perform as assistant secretary and she in fact never so performed. It is axiomatic that where a promise to pay a sum of money is made upon the consideration of a promise to perform certain service, the consideration fails if the services are not performed, and the promise based thereon is discharged. Jones v. McCallum, (1885), 21 Fla. 392. See also 7 Fla. Jur., Contracts, § 39, p. 97. Any money paid to appellant by the corporation from December, 1952, until April, 1956, would appear at best to be a gift, and no legal obligation attached to the corporation to continue such payment.
We have examined and carefully considered other errors urged and find them to be without merit.
Accordingly, the order and judgment appealed is affirmed.