HERSEY, Judge.
This is an appeal from a final judgment entered in the Probate Division of the Circuit Court granting specific performance of portions of a written agreement between the parties. We reverse.
Appellant is the widow of Marion S. Na-rus and appellees are the children of the deceased by a former wife.
Decedent’s last will and testament left his entire estate to appellant. Within two or three days of becoming apprised of the contents of the will, appellees drafted an agreement concerning future ownership of the marital residence. The agreement, which follows, was executed by all parties: Mrs. Marion S. Narus Re: Narus Residence
5641 NE 22nd Avenue,
Imperial Point,
Ft. Lauderdale, Florida Dear Anne:
In order to avoid any of several possible legal difficulties, we, as the children of Marion S. Narus, will agree to your sole occupancy and use of this property and the contents thereof during you lifetime. Such agreement, is based upon the following:
(a)In the event you should not want to occupy the property, the property and contents will be sold and the net proceeds distributed Vs to you, Vs to the undersigned, Donald J. Narus or his heirs, and Vs to the undersigned, Marcia Narus Wolf or her heirs.
(b) In' the event you should remarry, the property and contents will be sold and the net proceeds distributed V3 to you, Vs to the undersigned, Donald J. Narus or his heirs, and Vs to the undersigned, Marcia Narus Wolf or hers [sic] heirs.
(c) In the event you should die, the property and contents will be sold and the net proceeds distributed Vs to your heirs, Vs to the undersigned, Donald J. Narus or his heirs, and Vs to the undersigned, Marcia Narus Wolf or her heirs.
If you agree to the above, which we believe will save considerable time and expense, kindly sign and date the enclosed copies of this letter and hand the same to us. It is understood that this agreement might require the preparation and execution of further instruments which we will sign.
Sincerely,
s/ Donald J. Narus '
Donald J. Narus
s/ Marcia Narus Wolf
Marcia Narus Wolf
AGREED: s/ Anne K. Narus
Anne K. Narus DATE: Jan. 19. 1977

Some months after execution of the agreement appellees filed a petition for revocation of probate consisting of four counts. The first count was based upon undue influence; the second was based upon mistake and fraud; the third sought specific performance of an oral agreement between the decedent and appellees; and the fourth sought specific performance of the written agreement, previously quoted at length. The case proceeded to nonjury trial and a final judgment was rendered granting ap-pellees’ request for specific performance of the previously quoted written agreement, except for paragraph (c) which was found to be unenforceable. This appeal ensued.
Appellant first argues that initiation of this litigation caused total failure of consideration. We agree. Where a prom *146 ise to pay a sum of money is given in exchange for a promise to perform a service, the consideration fails if the services are not performed. Binz v. Helvetia Florida Enterprises, Inc., 156 So.2d 703 (Fla. 3d DCA 1963), appeal dismissed 379 U.S. 12, 85 S.Ct. 117, 13 L.Ed.2d 24 (1964). The sole consideration for appellant’s agreement to relinquish part of her legal entitlement to the marital residence was appellees’ promise not to seek legal recourse against her, that is, “. . .to avoid any of several possible legal difficulties . . . ” Filing of the petition for revocation of probate which attempted to deprive appellant of the entire estate of her deceased husband clearly constituted a total failure of consideration. At that point the written agreement became nudum pactum.
Appellees respond that anticipatory breach of the agreement by appellant justified filing the petition for revocation, however, there is no evidence in the record to support that contention.
Appellees further contend that since the pleadings did not raise the affirmative defense of failure of consideration, that defense is not available to avoid the agreement. We find this argument to be without merit. If affirmative defenses can be proved by the pleadings or the proof and if opposing counsel acquiesces to the introduction of that proof, then a defense, although not pleaded, is not waived. See Kersey v. City of Riviera Beach, 337 So.2d 995 (Fla. 4th DCA 1976). In the instant case there was such acquiescence. The following testimony was introduced without objection.
Cross-examination of appellee, Donald Narus:
Q — Did you ever give Anne anything like money in connection with your Exhibit One [the agreement]?
A — No. Of course not.
Direct examination of appellant, Anne Narus:
Q — [W]hen you signed this paper [the agreement] were you paid any money by anybody — Mr. Narus or Mrs. Wolf?
A — No, sir.
Q — Were you given anything of any kind by Mr. Narus or Mrs. Wolf?
A — No sir.
Additionally, in closing argument, appellant specifically argued that there was a failure of consideration. No objection was made to this argument.
We therefore find that, as a result of failure of consideration, the written agreement became unenforceable and the final judgment is erroneous in that regard.
Appellant also urges as error the taxing of costs. Taxation of costs in probate proceedings is discretionary. § 733.106(1), Fla. Stat. (1979). Costs were taxed in this case on the presumption that appellees were the prevailing parties. Since we have determined that the final judgment is erroneous and that appellant is the prevailing party, we reverse the award of costs and remand the cause for the entry of a final judgment declaring the written agreement nudum pactum and assessing costs as may be appropriate under these circumstances.
Appellees have "cross-appealed the trial court’s finding that paragraph C of the agreement was unenforceable. In view of our holding that the entire agreement became unenforceable we do not separately treat this issue.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.