ARTHUR F. ODLIN, *Plaintiff in Error*, v. A. P. STUCKEY AND PICKETT T. SIMONTON, AS EXECUTORS OF THE LAST WILL AND STATEMENT OF FRANK SIMONTON, DECEASED, *Defendants in Error*.

Opinion filed June 25, 1918.

1. A ground of demurrer to a pleading, which is so general as to amount merely to a repetition of the demurrer that the pleading is bad in substance, does not comply with the statutory requirements that the substantial matters of law intended to be argued shall be stated.

2. A plea to a declaration upon a promissory note that the consideration for the note was the promise of the plaintiffs that they would assume and pay certain outstanding promissory notes upon which plaintiffs' testator and the defendant were jointly liable and would release and discharge

the defendant from all liability of every kind to the plaintiffs as executors and especially from liability on account of such notes, and that the plaintiffs had failed and refused to release the defendant from any obligations to the estate represented by plaintiffs who claim that the defendant is equally liable for the indebtedness represented by the said outstanding notes, is valid as a plea of failure of consideration.

Writ of Error to Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment reversed.

N. B. K. Pettingill, for Plaintiff in Error;

E. B. Drumright, for Defendants in Error.

ELLIS, J.—The Defendants in Error brought an action in the Circuit Court for Hillsborough County against the Plaintiff in Error upon the promissory note of the latter in favor of the former for the sum of twelve hundred and sixty dollars, payable on demand.

The declaration alleged that the note bore eight per cent interest per annum and contained a promise to pay reasonable attorneys fees in the event it became necessary to collect the note through an attorney.

The Plaintiff in Error interposed the following plea:

"For a first amended plea defendant says that, prior to the making of said promissory note in said declaration mentioned, to-wit: during the lifetime of the said Frank M. Simonton, the testator of plaintiffs, defendant signed with the said Frank M. Simonton promissory notes to the amount of many thousands of dollars whereon defendant appeared as a joint maker with said Simon-

ton but in fact became a maker for the sole accomodation of said Simonton who received and used the total proceeds of said notes; that at or about the date of the making of the promissory note in said declaration mentioned the plaintiffs and defendant had an accounting and arrived at a settlement of all and singular the dealings and transactions between defendant and said Simonton in his lifetime and plaintiffs, as his executors, since his decease whereby it was determined and agreed upon then that, upon the assumption and payment by plaintiffs of all said notes upon which defendant was accomodation maker with the deceased Simonton as aforesaid, defendant would be indebted to the plaintiffs in the said sum of one thousand two hundred and sixty dollars ($1,260.00); that thereupon defendant, at the request of plaintiffs, signed said promissory note for that amount in said declaration mentioned and thereby promised to pay the plaintiffs said sum on the date mentioned therein, upon the sole consideration of the promise by the plaintiffs, as executors as aforesaid, then and there made that they would execute and deliver to this defendant a release and discharge of all liabilities of every kind which were or might be claimed by them, as such executors, against defendant and especially of all and every liability by virtue of the promissory notes signed by defendant and the deceased Simonton as joint makers as aforesaid, save and except only the promissory note in the declaration mentioned; and that the plaintiffs have since failed and refused to comply with and carry out their said promise and to execute and deliver to defendant any release and discharge as above described, but on the contrary thereof are now claiming that defendant is equally liable with their said testator for the indebtedness represented by said notes signed jointly by

defendant and the deceased Simonton as aforesaid. And so the defendant says that the consideration upon which the said note in said declaration mentioned was made has wholly failed.

"And for a second amended plea defendant says that the plaintiffs, as executors as aforesaid, at the commencement of this suit were and still are indebted to the defendant in the sum of three hundred thirty-seven and 50/100 dolarls ($337.50) for money paid by defendant for the plaintiffs, as executors as aforesaid, at their request and for work and services performed by defendant for plaintiffs at their request, which amount defendant is willing to set off against the claim of plaintiffs, as executors as aforesaid.

"Wherefore defendant prays judgment in his favor and for his costs against the plaintiffs, as executors as aforesaid."

A demurrer was sustained by the Court below to the first plea, issue was joined upon the second, the case was submitted to the Court without a Jury by agreement, and judgment was rendered for the plaintiff below against the defendant for the sum of twelve hundred and eighty-two and 10/100 dollars, and the sum of one hundred and thirty-eight and 21/100 dollars attorneys fees.

There is one assignment of error and that questions the correctness of the Court's ruling in sustaining the demurrer of the plaintiff below to the first amended plea of the defendant.

The demurrer attacked the plea upon the following grounds; that it constituted no defense; that it could be pleaded in bar to any subsequent action by the plaintiff against the defendant; that the plea is "neither in abatement nor in bar" of the action and sets up no defense

which can be recognized in law; that it attempts to set up "transactions in parole at the time of making the instrument" sued on, to alter the terms and conditions of such instrument and "for other good and sufficient grounds."

The first, third and fifth grounds of the demurrer are so general in character as to amount merely to a repetition of the demurrer that the plea is bad in substance and do not therefore comply with the statutory requirements that the substantial matters of law intended to be argued shall be stated. See Stevens v. Bradley, 24 Fla. 201, 3 South. Rep. 415; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732; Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950. As to these grounds therefore the only question for consideration is: "Does the plea show no defense?" Franklin Phosphate Co. v. International Harvester Co. of America, 62 Fla. 185, 57 South. Rep. 206.

We think that the plea so far from appearing to be without merit is a good and sufficient defense if true. It appears from the averments of the plea that the note was made upon the sole consideration that the plaintiff would assume and pay certain outstanding promissory notes upon which the defendant and the plaintiffs testator were jointly liable and that the plaintiffs would release and discharge the defendant from all liability of every kind to the plaintiffs as executors and especially from liability on account of such promissory notes; that the plaintiffs had "failed and refused" to release and discharge the defendant from any obligations to the estate as promised, but on the contrary the plaintiffs "are now claiming that defendant *is* equally *liable* with their

said testator for the indebtedness represented by said notes signed jointly by defendant and the deceased Simonton as aforesaid." If the notes which are jointly signed by the defendant and Simonton had been paid by Simonton or his executors there would be no liability upon them either against Simonton's estate, for the notes had been paid, or against the defendant because the plea shows that he was merely an accommodation endorser. The averment above quoted therefore must be considered to mean that the notes are outstanding and as such constitute a liability against the defendant from which the note in suit was given to release him and as consideration for the assumption of the liability by the plaintiffs.

The plea does not show as counsel for Defendants in Error asserts that the maker of the note, defendant below, was indebted to the estate upon any other matter than the one in which the plaintiffs assumed and undertook to pay the liability incurred by the defendant and Simonton jointly.

There were other pleas which may have been so construed, but one went out on demurrer and the other was abandoned.

The second ground of the demurrer is not good, for if the consideration for the note has failed there can be no recovery upon it. Besides the plea would be no defense to an action by a holder in due course of the joint promissory note signed by defendant and Simonton, assuming that they are outstanding and in such hands. The fourth ground of the demurrer is not well taken because while the written promise is the repository of the last agreement of the parties and is the best evidence of its terms, it is settled law that the consideration for the promise may be attacked while the note is in the

hands of the original payee or in the hands of transferee who takes with knowledge of the transaction.

The demurrer should not have been overruled, so the judgment is reversed.

BROWNE C. J. AND TAYLOR, WHITFIELD AND WEST, J. J., concur.