L. G. McCranie and Sam Summerlin, Co-Partners Trading Under the Firm Name of Summerlin & McCranie, *Plaintiffs in Error*, v. R. A. Cason, *Defendant in Error*.

Opinion Filed June, 3, 1920.

1. Where a promise to perform a service is the sole consideration for a promissory note, a plea averring that the service had not been performed although the time agreed on for the service had expired when the action was begun is a good plea.

2. Where one purchases a tract of land from another subject to a mortgage given by the vendor who agrees to satisfy the mortgage at his own expense as consideration for a promissory note from the vendee for an amount equal to the debt secured by the mortgage, a plea that the payee of the note had failed to discharge the mortgage indebtedness is sufficient as a plea of failure of consideration in an action by the payee of the note against the vendee of the land.

3. Material alterations in a promissory note constitute a sufficient plea in bar to an action on the note and full opportunity should be given the defendant to avail himself of such defence.

A Writ of Error to the Circuit Court for Duval County, Daniel A. Simmons, Judge.

Judgment reversed.

*F. Y. Smith*, for Plaintiffs in Error;

*W. M. Toomer*, for Defendant in Error.

Ellis, J.—R. A. Cason brought an action in the Circuit Court for Duval County against Summerlin and

McCrainie upon two promissory notes. The declaration contained two counts. The first declared upon the note for $348.70 alleged to have fallen due on August 19th, 1913. The second count declared upon the note for $2,000.00 alleged to have fallen due on August 15th, 1915.

The defendants for a plea to the second count set up that they purchased a tract of land in the State of Georgia from the plaintiff; that a mortgage existed upon the land at the time which the plaintiff represented could be discharged for $2,000.00; that the defendants then gave the plaintiff the note for $2,000.00 described in the second count upon the plaintiff's agreement to discharge the mortgage not later than December 1, 1912, and it was averred that the mortgage was not cancelled as agreed, "not later than December 1st, 1912."

A demurrer to this plea was sustained. The defendants then interposed a second plea to the second count of the declaration which was as follows:

"Now comes the defendants and for an additional plea to the second count of plaintiffs' declaration say that on or about the 15th day of August, 1912, they traded with the plaintiff, among numerous other transactions, for a certain piece parcel or tract of land, known as the 'Cornelius Jordan' Place, located in the 112th G. M. District, in the State of Georgia, and on which there then and there existed a certain mortgage on said tract of land which said mortgage plaintiff represented unto these defendants could be discharged and paid off for the sum of two thousand ($2,000.00) dollars, and for the payment of which and for no other purpose, these defendants then and there executed the note referred to in

the second count of plaintiffs declaration, and, at the same time, the plaintiff entered into a written agreement with these defendants, which said agreement is in the words and figures following:
Georgia, Fulton County:

"I hereby agree and bind myself to have mortgage for $2,000.00 against property sold this date to Summerlin & McCranie, known as the Cornelius Jordan Place, located in the 112th G. M. District, State of Georgia, as described in a warranty deed from me to the said Summerlin & McCranie, August 15th, 1912. Said mortgage will be cancelled by me not later than December 1st, 1912, at my expense.

Signed Aug. 15th, 1912.            R. A. Cason.'

"And the said defendants also attach hereto the original warranty deed executed by the said R. A. Cason, and make the same a part of this plea, and the defendants further say that the said note referred to in the second count of plaintiffs' declaration was given for the specific purpose of plaintiff's discharging said mortgage on or before the 1st day of December, 1912, and the plaintiff did not discharge the said note and mortgage on the 1st day of December, 1912, nor before the institution of this suit.

"Wherefore, the defendants say there has been a total and complete failure of consideration and of this they put themselves upon the country."

A demurrer to this plea was sustained. This ruling is assigned as one of the errors.

The verdict and judgment was for the plaintiff in the full amount of the principal of both notes, interest and attorneys' fees.

This assignment is well taken. While the plea is not framed in terms of a high decree of certainty, it undoubtedly avers the following facts: That the sole consideration for the note of two thousand dollars was the promise of the plaintiff to pay at his expense the mortgage for that sum which existed upon the land, which promise the plaintiff had failed to redeem before he instituted the action. The action was begun in January, 1916.

A promise of the kind described in the plea is sufficient consideration to support a promsie to pay, but a failure to keep the promise constitutes a failure of the consideration or want of consideration, and is a good defense. See 3 R. C. L. pp. 936-942.

The plea complied with the rule announced by this court in its earliest opinions. It sets forth the circumstances connected with the transaction so as to apprise the plaintiff fully of the specific character of the defense.

In substance the plea averred that the defendants had purchased from the plaintiff a tract of land upon which a mortgage existed for $2,000.00. That upon the plaintiff's agreement to pay that mortgage on or before a certain date the defendants executed the note, for the purpose solely of procuring the plaintiff to pay the mortgage debt, and that he had not paid it when he brought his action on the note. See Ahern and Hyer v. Willis, 6 Fla. 359.

It is true that the plea does not aver that the defendant has suffered a loss by failure of the plaintiff to pay the mortgage as is required in cases where the consideration for the promise consists of goods or articles purchased which are claimed to be unsound or worthless,

McCranie et al. v. Cason—Opinion of Court.

but the rule is not applicable to a case of this kind where the consideration for the note is itself a promise to perform a service. Until the service is performed there is no consideration and the promise is *nudum pactum,* and a valid defense so long as the note is in the hands of the payee or one who is not a holder in due course.

The defendant purchased the property subect to the mortgage. The mortgage is not discharged. The situation is the same as it was when he purchased. His damage, if any, is speculative, but the promisee not having performed his undertaking has given nothing for the note which he seeks to enforce.

Application was made by the defendant for lief to file a plea averring that material alterations had been made in the notes of which the defendants were ignorant. It was not stated in what the alternations of the notes consisted, for that reason the denial of the motion was correct. But if the alterations consisted in erasing or inserting some material matter which changed the obligation of the parties under the original contract, the motion should have been granted. There can be no objection to the fullest opportunity being given to present any meritorious defense. An alteration of such an instrument must be specifically pleaded. Tedder v. Fraleigh-Lines-Smith Co., 55 Fla. 496, 46 South. Rep. 419; 2 Cyc. 229.

For the error in sustaining the demurrer to the additional plea to the second count the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.