H. E. BARCUS, *Plaintiff in Error*, v. HARRY J. WOOD, *Defendant in Error*.

En Banc.

Opinion Filed October 20, 1926.

1. All pleas attempting to set up the defense of failure of consideration whether to an instrument under seal or a simple contract must directly, positively and unequivocally aver the facts which constitute such failure and must set forth so much of the facts and circumstances connected with the transaction as may be necessary to apprise the plaintiff fully of the specific nature of the defense which he will be required to meet. A plea which conforms to such requirements is sufficient against demurrer.

2. Pleas examined and found sufficient.

3. The rule that a plea of failure of consideration must aver that the defendant has suffered a loss by such failure is not applicable to cases where the sole consideration for the note

sued on was a promise to perform a service. Until such service is performed there is no consideration and the promise is *nudum pactum* and a valid defense so long as the note is in the ·hands of the payee or one who is not a holder in due course.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*John F. Harrell* and *T. G. Futch,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in Error.

KOONCE, Circuit Judge.—The defendant in error, as plaintiff in court below, sued the plaintiff in error, as defendant below, in an action at law upon a promissory note Several pleas were filed by defendant to the declaration to all of which demurrers were sustained and thereafter, by leave of the court, the defendant filed three "further and amended pleas." Demurrer was likewise sustained to each of these pleas and final judgment entered by the court. Writ of error is brought to this court from such final judgment and four assignments of error set forth, viz.:

1.   The court erred in sustaining demurrer to the defendant's first further and amended plea.

2.   The court erred in sustaining demurrer to the defendant's second further and amended plea.

3.   The court erred in sustaining demurrer to the defendant's third further and amended plea.

4.   The court erred in entering final judgment against defendant.

In the briefs of the attorneys for both plaintiff in error and defendant in error, the first three assignments are pre-

sented together as one question, and will be so considered in this opinion.

The declaration is in two counts, the same written instrument, a promissory note under seal, being the basis of each count.

The second count is merely a more elaborate description of the note.

The three ''further and amended pleas'' are in substance the same, varying only in the phraseology, and each plea undertaking to set out the same defense of failure of consideration for the note which is the basis of the cause of action.

Without quoting these pleas in full, and stripped of all verbosity, each of the three pleas state substantially as follows: That the note sued upon was given to one Jessie Wood White, payee, who long after the maturity of the note assigned it to Jessie Wood, who in turn assigned it to Harry J. Wood, the plaintiff, below; that these assignees took the note with all its infirmities and with full knowledge of all equities and defenses existing between the maker and the payee; that the sole and only consideration for making said note was the agreement and promise on the part of the payee therein named, to obtain and deliver to the defendant, the maker of the note, a certain outstanding note given by him to one Henry Wood, for five thousand dollars. The plea further states that at the time of the giving of the note sued upon, the payee therein, Jessie Wood White, was not the owner of the said Henry Wood White note; that she was not in possession of the same, and that she did not have good right, full power and lawful authority to surrender said note payable to Henry Wood and the pleas further allege that the payee of the note sued upon in this suit, failed and refused to obtain and return the said Henry Wood note to the defendant. It also appears by said pleas that the Henry Wood mentioned in the pleas

was the father of the payee of the note sued upon, as also of the plaintiff in the suit, and the husband of the said Jessie Wood, assignee of the payee.

The note which was the basis of the cause of action in this suit was an instrument under seal and therefore imports a consideration, but this does not preclude the defendant from showing, if he can, a failure of consideration. The presence of the seal calls for a clear and satisfactory showing of such failure,—indeed the rule is well established that all pleas attempting to set up the defense of failure of consideration whether to an instrument under seal or a simple contract must directly, positively and unequivocally aver the facts which constitute such failure and must set forth so much of the facts and circumstances connected with the transaction as may be necessary to apprise the plaintiff fully of the specific nature of the defense which he will be required to meet. This rule was announced by this court as early as the case of Ahren v. Willis, 6 Fla. 359, and the rule has not been departed from. This being the requirement of such plea, it logically follows that a plea which meets such requirements is sufficient against demurrer.

Testing the plea under consideration by the rules stated, what appears? That the defendant Barcus was indebted to one Henry Wood, in his life time, which indebtedness was evidenced by a promissory note for five thousand dollars, and which note was an outstanding claim or obligation against the defendant Barcus. The plea in unequivocal terms positively states that for the sole consideration of obtaining the return to him of the Henry Wood note, for no other consideration whatever, than the promise and agreement on the part of the payee in the note sued upon, to so obtain for him and return to him the said Henry Wood note, he made the note sued upon, and that thereafter the payee failed and refused to secure for him and surrender

to him the promised-to-be-returned note payable to Henry Wood. The plea further states the inability of the payee to perform the promise made.

Defendant in error presents the very plausible argument (in brief of attorneys) that it is evident that the last note was given to secure an extension of credit and time for payment of the Henry Wood note, and that such extension would constitute a consideration. It is pointed out that the payee in the last given note was the daughter of Henry Wood; that her assignee were the widow and the son of Henry Wood, which facts also appear by the plea itself, and it is argued therefore that because of these facts Jessie Wood White (payee) admittedly made demand upon defendant for payment of the Henry Wood note, that presumably she made demand in behalf of the estate of Henry Wood, and that admittedly the defendant recognized such demand as coming from a proper source, and in order to secure an extension of time gave the said Jessie Wood White, the note sued upon, which made it in effect a renewal note. It is further argued that there is no averment in the plea that the estate of Henry Wood failed to recognize the new note as a discharge of the original note to Henry Wood, and that there is no statement that any one has attempted to enforce collection on the old note.

The brief, however, is frank to admit that this is by way of inference, to be drawn from the plea. While it is true that a plea which is doubtful in meaning will be taken most strongly against the pleader, this rule does not authorize the court by inference to place a different meaning to the plainly expressed language of a plea. It can not be overlooked that the very inferences which are relied upon by defendants in error were anticipated and denied by the pleas of the defendants—first it is positively stated that the promise to obtain the return to him of the Henry Wood

note was the sole consideration and the only consideration for making the note sued upon, that the payee in the last note was not the owner of the first note, was not in possession of it, and was not authorized to surrender it to him, and further that she failed and refused to so obtain and surrender it.

It is obvious that too much has been assumed from the mere fact of relationship of the parties. The relationship of the payee and her assignees, and their relation to the deceased Henry Wood, might well create a strong suspicion that the inferences stated by the defendant in error were true, but the court is not justified in so accepting them as true, however plausible it may appear, in the face of the positive denial contained in the plea.

The mere fact that the plaintiff in this suit, the payee named in the note sued on, and the other assignee of the note, were three heirs of the deceased Henry Wood does not perforce establish that they were all of the heirs of the deceased, nor does it in any manner satisfy the court that their acceptance of a new note from the defendant would be a good defense against an action by some other assignee of the Henry Wood note, which still remains an outstanding obligation against the defendant Barcus. If it is a fact that the note sued on was given as a renewal note of the Henry Wood note, then such fact might easily have been submitted to the court by a replication setting out the fact. If instead of a replication the plaintiff by demurrer relies upon the supposed weakness of the defendant's plea, such plea must be taken as true, and if true, it constitutes a valid defense to the action.

It is also contended that the plea does not aver that the defendant has suffered a loss by failure to obtain a return to him of the Henry Wood note. The cases where this averment is required are such as where the consideration

consists of goods or articles purchased and which are claimed to be unsound or worthless. As is said by this court in the case of McCrainie v. Cason, 79 Fla. 857, 85 South. Rep. 160, "this rule is not applicable to a case where the consideration for the note is itself a promise to perform a service. Until the service is performed there is no consideration and the promise is *nudum pactum*, and a valid defense so long as the note is in the hands of the payee or one who is not a holder in due course." See also Odlin v. Stuckey, 76 Fla. 42, 80 South. Rep. 291.

It is not necessary to consider the fourth assignment of error, but it might be stated here that where a demurrer to pleas has been properly sustained and no other pleas tendered, in a suit upon a promissory note and the note provides for a fixed and certain sum to be paid as attorneys fees, the court may enter judgment without reference to a jury, or without affording the defendant opportunity to be heard in mitigation of damages.

For error in sustaining demurrer to the "further and amended pleas" of the defendant, the judgment of the Circuit Court is reversed and the case is remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed, and the case is remanded for further proceedings.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.