THE FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation organized under the laws of the State of New York, *Appellant*, vs. R. H. MAGWOOD and SUSIE V. MAGWOOD, his wife, et al., *Appellees*.

145 So. 67.

Opinion filed November 9, 1932.

Petition for rehearing denied December 3, 1932.

*Blackwell & Gray,* for Appellant;

*Morcock & Weintraub, Fred W. Pine* and *Kehoe & Kehoe,* for Appellees.

BUFORD, C. J.—Appellees filed bill of complaint in the Circuit Court in and for Dade County which was termed by the complainants therein as a bill in the nature of a bill of review. The bill alleged in effect that the appellant in this case and the appellee R. H. Magwood executed a certain bond upon which they became liable. That the obligee·in the bond sued Fidelity & Casualty Company of New York, the appellant here, and R. H. Magwood, and procured judgment; and that thereafter the appellant procured an assignment of such judgment and, having procured such assignment of such judgment, filed a creditors bill to have declared null and void a certain pretended conveyance whereby R. H. Magwood and his wife Susie V. Magwood, had attempted to convey to themselves as Trustee for their minor children who were the other complainants in this suit, and the other appellees here, certain described land.

Attached to the bill of complaint, with reference made thereto, was copy of the creditors bill.

The bill of complaint in this case further alleged that decree pro confesso was taken on the creditors bill against Magwood and wife, and that the minor heirs, the children of Magwood and wife, were represented by a Guardian ad litem. That final decree was entered cancelling the pretended conveyance from Magwood and wife to themselves as Trustees for their minor children, and the lands described were ordered sold to satisfy the judgment referred to in the creditors bill.

The bill of complaint contains allegations of conclusions attempting to charge fraud by the Guardian ad litem in

his failure to properly represent the minor defendants and against the appellant here in procuring the assignment of the judgment and further alleges that the property sought to be subjected to and which was ordered sold to satisfy the judgment was and is the homestead of R. H. Magwood, the head of a family residing in this State.

There was demurrer to the bill on general and special grounds. The demurrer was overruled.

The bill of complaint shows on its face that all questions attempted to be presented to the Court thereby, except that presented by the allegation that the property involved was, and is, the homestead of the appellee R. H. Magwood and is, therefore, exempt from forced sale, became res adjudicata by the rendition of the decree in the suit by way of creditors bill, which decree was later affirmed by this Court and that the complainants in this suit, having had their day in court in that suit and having had the opportunity there to plead every contention and every material fact which they rely on here for relief, and having failed to avail themselves of that right, they are now precluded from again litigating issues which were properly incident to that suit. See Mattair et al. vs. Card, 19 Fla. 455.

It is true that the appellee here could have interposed his claim of homestead exemption in that suit, but, having failed to interpose it there, he is not precluded from exercising his constitutional right to contest his ouster from his homestead. Where a homestead had been acquired it can be waived *only* by abandonment or by alienation in the manner provided by law. See Clark vs. Cox, 80 Fla. 63, 85 Sou. 173; Carter vs. Carter, 20 Fla. 558, 51 Am. Rep. 618. As the right of homestead once acquired continues until terminated in the manner provided by law, the protection of the right may be exercised by one entitled thereto so long as the homestead character and attributes of the property exist. This right may even pass to a purchaser

and vendee of the homesteader. See Hutchinson Shoe Co. vs. Turner, 100 Fla. 1120, 130 Sou. 623.

The bill of complaint was, therefore, not without equity but, as heretofore stated, it was so framed as to present several issues which had already been adjudicated between the parties and, therefore, the demurrer should have been sustained with leave to the complainant to amend his bill of complaint so as to present the questions as to whether or not the property involved constituted the homestead of R. H. Magwood and was, and is, therefore, exempt from forced sale. And what are the rights of the minor children under the trust deed for their benefit covering the alleged homestead property.

The order appealed from is reversed with directions that order be entered not inconsistent with this opinion.

Reversed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

DAVIS, J., Concurring.—A decree of subjection of property under a creditor's bill can confer no right on the creditor complainant greater than he had under his judgment at law had a creditor's bill not been made necessary to render the judgment collectable. Therefore the decree in the creditor's bill case cannot be *res adjudicata* on the question of homestead at least where the question of homestead exemption was never expressly and directly presented and decided in such case. The creditor's bill was merely in aid of the judgment at law.

BUFORD, C.J., concurs.