FULLER INCORPORATED, a Florida corporation, *Appellant,* vs. FRANK F. JONSBERG, INCORPORATED, a Florida corporation, *Appellee.*

144 So. 653.

Opinion filed November 28, 1932.

Petition for rehearing denied January 4, 1933.

*Thos. A. Cunniff*, for Appellant;
*Mack, Ellis & Watson*, for Appellee.

PER CURIAM.—This appeal is from a final decree for the complainant in a suit to foreclose a mortgage brought by a corporation assignee against a corporation the mortgagor. It appears that the mortgage was executed by Fuller Incorporated, a corporation, to Walter P. Fuller who assigned to Frank F. Jonsberg, who assigned to Frank F. Jonsberg Incorporated, a corporation, the complainant below.

A paragraph of the answer of the defendant, Fuller Incorporated, averred facts relating to a transaction alleged to show usury as between Walter P. Fuller and Frank F. Jonsberg, not parties to the suit. The corporation cannot and does not plead usury as a defense.

"No corporation shall interpose the defense of usury in any action in any court in this state." Sec. 6586, C. G. L.; Sec. 60, Chap. 10096, Acts of 1925. See also 43 A. L. R. and notes.

In another paragraph of the answer it is averred that:

"This defendant is advised and believes and therefore avers that the endorsement of the note hereinbefore referred to and the execution and delivery of the assignment of mortgage by which the mortgage hereinbefore was assigned to the complainant was made without consideration and that the complainant took the same with full and actual knowledge of the terms and conditions

under which the said mortgage and note were created and endorsed and assigned to the said Frank F. Jonsberg, and is held to notice and knowledge of the same."

The averments were stricken. Even if the assignments of error on the order striking portions of the answer are sufficiently specific to require any determination further than that at least some portions of the answer were subject to the motion to strike, no error is shown in the order.

The portion of the answer averring that the assignment of the mortgage to the complainant "was made without consideration," was properly stricken since it is a mere conclusion not supported by any specific allegations of facts.

There was no error in striking the averments affecting only rights of strangers to the suit, when such rights are not to be adjudicated in the suit.

The errors assigned on the order striking portions of the answer not being sustained, the errors assigned on entering the decree pro confesso and the final decree, because "errors heretofore alleged still existing at the time of the entry of the decrees," are likewise not sustained.

Affirmed.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.
BUFORD, C.J., concurs in the opinion and judgment.
Filed under Rule 21A.

## ON REHEARING.

PER CURIAM.—The averments as to usury contained in the answer related to transactions between individuals not parties to the suit, therefore it was not necessary to discuss the constitutionality of the Act forbidding corporations to interpose the defense of usury. Section 60, Chapter 10096, Acts of 1925. The allegations of the bill of complaint were sufficient as a basis for allowing attorney fees.

Rehearing denied.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.