## CORAL GABLES, INC.
vs.
## LEWIS R. HEIM

Superior Court          Fairfield County          File #36812

Present:   Hon. EARNEST C. SIMPSON, Judge.

Mead & Mead,                    Attorneys for the Plaintiff.

Marsh, Stoddard & Day,          Attorneys for the Defendant.

## MEMORANDUM FILED JANUARY 21, 1935.

SIMPSON, J.   The Coral Gables Corporation, a body corporate of the State of Forida, made and entered into a contract, in Forida, with defendant, to sell and convey to him, for a certain consideration in dollars, and a promisory note, a certain lot or parcel of land situated in Coral Gables, Florida.

The Coral Gables Corporation "for itself, its successors and assigns" covenanted and agreed with the defendant, among other things, that "where not already so completed, streets will be paved sidewalks constructed, water mains and electric feed lines installed, all of a kind similar to such improvements in similar completed section of Coral Gables and without additional cost to said second party", the defendant. The defendant received nothing from the Coral Gables Corporation except its executory contract to convey.   It appears that the Coral Gables Corporation never completed or performed its contract, and is now in no position to do so.   It is elementary that the Coral Gables Corporation could not enforce the full payment of the note sued upon without showing a performance on its part.   At least a non-performance would be a good defense against the Coral Gables Corporation.   The question before the court is whether this plaintiff has become a holder of the note under such conditions as to deprive this defendant of his defense of non-performance on the part of the Coral Gables Corporation.

The Court is of the opinion that the plaintiff does not occupy such a position.   The promise on the part of the Coral Gables Corporation quoted above, was, in part, at least,

an important part of the consideration of the note. The Contract, having been made in Florida, the rights of the parties must be determined with reference to the law of Florida, and how the Courts of that State have construed the law. "It is settled law that the considerations for the promise may be attacked while the note is in the hands of a transferee who takes with knowledge of the transaction". **Odlein vs. Strachey et al. 76 Fla. 42; 80 So. 291.** In the case of **Sumter County State Bank vs. Hays et al. 68 Fla. 473, 67 So. 109,** the Court held that where an executory contract is the sole consideration for a negotiable note, the contract and its breach may be shown in defense of an action by the holder who took with knowledge of the contract. The Court said in that case, **67 So. P. 109:**

"'As the plaintiff bank knew the contract was the consideration for the note, and that a breach of the condition of the contract would affect the consideration for the note, the bank took no better title than its endorser, the Canning Co., had. This being so, the note taken by the bank with knowledge of the contract is affected by the failure of consideration caused by a breach of contract after the bank took the note; since a breach of contract was one of the contingencies affecting the consideration of the note. Not being a holder in due course within the meaning of the statute, the plaintiff cannot enforce the payment of the note against the averments of the pleas."

See also **Realty Bond and Share Co. vs. Englar, 104 Fla. 143, 329, So. 152, 154.**

The plaintiff in this case relies upon the claims that the Biscayne Trust Company, Trustee, from whom it received the note, was a holder in due course. It appears, however, that when the Biscayne Trust Company, Trustee, received the note in a discount trade from the Coral Gables Corporation, it also received the Contract of the Coral Gables Corporation with the defendant. The Biscayne Trust Company, Trustee, is therefore charged with knowledge of the terms and conditions of the contract. The case, therefore, falls squarely within the principles of law stated in the Sumter County State Bank case,, supra.

The further claims of defendant that in view of the facts in the case, the plaintiff stands in the shoes of the Coral Gables Corporation, is not passed upon, as the court prefers

to base its decision upon the principles of law as above stated.

The plaintiff claims that there is no affirmative defense of failure of considerations as required by the **Rules of Prac-** **tice.** The defendant, however, sets up the facts he relies upon which in substance are that there was a failure of the con- sideration, viz , the failure of the Coral Gables Corporation to perform its Contract. The defendant was in no duty to show the difference in value between the lot with and without improvements. It should be remembered that the defendant rceived nothing for his money and the note in question but the executory contract, which was never performed. If the lot had actually been conveyed to the defendant, then the claims of the plaintiff would have been applicable.

**Barcus vs. Wood, 92 Fla. 763, 110 So. 265.**

**McCromie vs. Cason, 79 Fla. 857, 85 So. 160.**

Judgment is rendered for the defendant.