89 So.2d 28 (1956)
Joe SHERBILL and Hazel Sherbill, his wife, Petitioners,
v.
MILLER MANUFACTURING COMPANY, Inc., and Thomas J. Kelly, as Sheriff of Dade County, Florida, Respondents.
Supreme Court of Florida. Special Division B.
July 27, 1956.
*29 Edward S. Resnick, Courshon & Courshon and William Malcolm, Miami Beach, for petitioners.
Sibley & Davis and Thomas H. Barkdull, Jr., Miami Beach, for respondents.
O'CONNELL, Justice.
Petitioners executed a note in favor of respondent. They failed to pay the sums due thereunder and respondent reduced the note to judgment in an action brought in the Circuit Court, Dade County. Execution issued on said judgment and pursuant thereto the Sheriff of said county levied on the real property hereinafter described. Prior to sale of said property the petitioners, as provided in Sec. 222.02, Florida Statutes, F.S.A., filed an affidavit claiming the benefits of homestead and designating the real property levied on as their homestead and therefore exempt from forced sale. For this reason, the property was not sold.
Thereafter respondent filed a complaint in chancery, which action we shall refer to as the first chancery suit, in which complaint it alleged the facts above recited and that it had made diligent search and inquiry to locate other property of petitioners, but that it had found no property in this jurisdiction belonging to petitioners except the property hereinafter described. Respondent did not allege that said real property was not the homestead of petitioners, in fact it admitted, in said complaint and in the brief filed with the chancellor, that the property was the homestead of petitioners. Respondent alleged and contended, in its complaint, that the petitioners were
"* * * not entitled to designate this property as homestead and receive the benefits of the laws of this State relating to such as against this Plaintiff [respondent here] which received from said defendants a waiver of such exemption at the time it parted with a consideration for the aforementioned note, and that said instruction was executed in accordance with the laws of the State of Virginia."
Respondent prayed that the court decree "* * * that said property of the Defendants is not entitled to exemption from levy and forced sale under execution as the Defendants [Petitioners here] homestead as against a Writ of Execution issued by this Plaintiff * * *." [Emphasis ours.]
The note which was reduced to judgment in the law action contained a waiver in the following words:
"* * * The makers and endorsers of this note hereby waive the benefit of their homestead exemption as to this debt * * *."
Petitioners were properly served with process, failed to appear or plead, a decree pro confesso was entered against them and a final decree was entered in which the chancellor found the sum of $6,495.50 to be due by petitioners to respondents and ordered execution to issue therefor. In the decree the chancellor also said:
"2. That Lot Five (5), in Block Sixteen (16), of Biscayne Beach Second Addition, according to the Plat thereof, recorded in Plat Book 46, at Page 39, of the Public Records of Dade County, Florida, be, and the same is hereby declared to be subject to an execution and that after such execution it may be sold by the Sheriff [to an execution and that after such execution it may be sold by the Sheriff] under *30 the provision of the law governing execution sales, and further that the Defendants, Joe Sherbill and Hazel Sherbill, are not entitled to designate this particular property as homestead and thereby exempt said property from levy of the Plaintiff, who is a judgment creditor of the Defendants."
A writ of execution issued pursuant to the decree. The Sheriff of said county levied on the subject property and advertised same for sale to satisfy the terms of said decree.
A few hours prior to the sale of the property by the Sheriff, petitioners filed a petition in chancery in the Circuit Court, Dade County, which suit we will refer to as the second chancery suit, and prayed said court to permanently enjoin the forced sale of said property; and to declare null and void the decree, and the lis pendens filed in the first chancery suit.
The chancellor held that the decree in the first chancery suit was res adjudicata as to the matters asserted by petitioners and denied the injunction, but entered an order staying the sale, conditioned upon the prosecution of a petition for writ of certiorari to this Court. The order of the chancellor denying the injunction of the sale is before us for review.
We are required to determine whether the decree entered in the chancery suit, brought by respondent, is res adjudicata on the question of the petitioners' right to claim the benefits of the homestead exemption in their petition for injunction now before us. We must hold that such decree is not res adjudicata as to this question.
It is admittedly a valid principle of law that a decree or judgment of a competent court, which has jurisdiction of the parties and the subject matter, is res adjudicata as to all issues before it. However, it appears to us from the record that the issue of whether the property of petitioners was homestead, or not, was not before the chancellor in the first chancery suit. It was and is admitted in said suit that the subject property was homestead property. The issue submitted in the complaint was whether the petitioners were "* * * entitled to designate this property as homestead and receive the benefits of the laws of this State relating to such as against this Plaintiff which received from said Defendants a waiver of such * * *" exemption in the aforementioned note. In essence the chancellor was asked to determine whether a waiver, such as contained in said note, was valid so as to destroy the right of petitioners to claim the benefits of homestead exemption contained in Section 1, Article X, Constitution of the State of Florida, F.S.A.
The issue of the homestead character of the property not being before the court the decree could not, therefore, be res adjudicata on this question, and the petitioners are entitled to have determined, in the second chancery suit, whether said property is in fact homestead property and therefore exempt. Although it is true that petitioners could have interposed the defense of homestead exemption in the respondent's chancery suit, they were not required to do so and are not barred from doing so now.
We feel that the holding of this Court in the case of Fidelity & Casualty Co. v. Magwood, 107 Fla. 208, 145 So. 67, is controlling here.
Respondent contends that the petitioners can not claim the benefits of homestead exemption and that the decree in the chancery suit brought by respondent is res adjudicata on this issue. It bases this contention on the claim that the waiver provision is valid and enforceable in Virginia where the note was executed; that under the principle of comity, sister states are required to enforce contracts valid where made, unless repugnant to the public policy of the state of the forum; and that alienation of homestead property is not contrary to the public policy of the State of *31 Florida. He contends that the waiver in said note constitutes an alienation of the homestead.
Respondent's contention is not well founded for the reasons, first, this Court long ago determined that such a waiver was not an alienation of the homestead and not enforceable, and secondly, that such a waiver was contrary to the policy of the exemption laws of this State. Carter's Adm'r v. Carter, 20 Fla. 558. "`The public policy of a state or nation must be determined by its Constitution, laws, and judicial decisions * * *.'" Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761, 786. No policy of this State is more strongly expressed in the constitution, laws and decisions of this State than the policy of our exemption laws.
The decree in the first chancery suit held that the waiver of homestead rights contained in the note executed by petitioners prevented petitioners from claiming exemption from forced sale only of the real property specifically described therein. An injunction, preventing the sale of said property, will, if made permanent, destroy the effect thereof as much so as will an order of this Court rendering said decree null and void. This makes it unnecessary for us to determine whether said decree is void, or merely voidable.
Under F.S. § 222.09, F.S.A., a court of equity has jurisdiction to enter an injunction preventing the sale of homestead property. The allegations of the petition in the second chancery suit are sufficient to invoke the aid of such a court. The injunction should issue, and thereafter in proceedings according to law, the chancellor should determine whether said property is homestead property and therefore exempt from forced sale under the pertinent provisions of the Constitution of this State. If said property is found to be homestead and exempt the chancellor should make the injunction permanent.
The petition for certiorari is granted and the order denying the injunction is quashed with directions to enter a temporary injunction, and for further proceedings consistent with the views expressed in this opinion.
TERRELL, Acting Chief Justice, and ROBERTS and BUFORD, JJ., concur.