PER CURIAM.
The appellants, Jay Morton and Blanche Morton, executed written guaranties of payment of a note by Bill Dock Cars & Service, Inc. payable to the appellee, Mercantile National Bank of Miami Beach. They appeal a summary final judgment for the plaintiff-bank upon the guaranties.[1]
It is not contested that the note was not paid and that the appellants signed the guaranties.
The appellants claim error in that the court struck their affirmative defenses numbered eleven and twelve. Defense number eleven alleged that the guaranties had been altered by adding witnesses and an acknowledgment. No Florida statute requires a guaranty to be acknowledged or witnessed. Upon the facts in this case, any such alteration would not change the guarantors’ liability; [2] therefore, the trial judge did not err in striking the purported defense.
Defense twelve alleges that the guarantors were discharged because an extension of time for payment was granted the maker of the note. This attempted defense was properly struck because the contract of guaranty expressly authorized such extensions.
Appellants also attempt to avoid liability by asserting that the note was executed by Bill Dock Cars & Service, Inc., but the guaranties refer to an obligation of (and suit was brought against) Bill Dock Cars and Service, Inc. The variance does not render the guaranties ineffective. See Schulze v. Light, Tex.Civ.App. 1940, 143 S.W.2d 200. Appellants’ reliance upon American Ladder & Scaffold Company, Inc. v. Miami Ventilated Awning Company, Inc., Fla.App.1963, 150 So.2d 268, is not well-founded because we dealt there with two different names. There was no showing that “Miami Ventilated Awning” was either a corporation or a partnership or an individual doing business under a trade name.
Appellants further urge error upon the denial of their motion for leave to file amended defenses. No error was committed because the amended or additional defense was likewise insufficient.
Affirmed.

. These guaranties were three in number, and were severally executed by three persons. The third guarantor did not appeal.

. Cf., Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630, L.R.A.1916F, 209 (1916); McCranie v. Cason, 79 Fla. 857, 85 So. 160 (1920).