267 So.2d 642 (1972)
CHRIS CRAFT INDUSTRIES, INC., a Delaware Corporation d/b/a Chris Craft Corporation, Petitioner,
v.
William F. VAN VALKENBERG, and Star Chris Craft Sales and Service, Inc., et al., Respondents.
No. 41692.
Supreme Court of Florida.
September 20, 1972.
Rehearing Denied November 9, 1972.
*643 Norman A. Coll, of McCarthy, Steel, Hector & Davis, Miami, for petitioner.
David F. Patterson, of Bryson, Patterson & Amadio, St. Petersburg, for respondents.

ON REHEARING GRANTED
SMITH, HAROLD S., Circuit Judge.
In our decision dated Thursday, January 6, 1972, we denied the petitioner's petition for writ of certiorari to the District Court of Appeal, Fourth District, 252 So.2d 280. A petition for rehearing was filed and on Monday, April 3, 1972, we issued our order granting rehearing and allowing certiorari herein.
Jurisdiction is based upon conflict between the decision sought to be reviewed and prior decisions of this court cited as Bland v. Fidelity Trust Company, 71 Fla. 499, 71 So. 630 (1916); McCranie v. Cason, 79 Fla. 857, 85 So. 160 (1920); State Solicitors' Co. v. Savage, 39 Fla. 703, 23 So. 413 (1897); Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902); Morton v. Mercantile National Bank of Miami Beach, 185 So.2d 172 (Fla.App.3rd, 1966); Fuller, Inc. v. Frank E. Jonsberg, Inc., 107 Fla. 330, 144 So. 653 (1932); rehearing denied, 107 Fla. 330, 145 So. 67.
Petitioner herein, Chris Craft Industries, Inc., a Delaware corporation d/b/a Chris Craft Corporation, brought suit against William F. Van Valkenberg and Star Chris Craft Sales and Service, Inc., to collect on the guaranty by respondent Van Valkenberg of a promissory note in the amount of $54,093.60 in an agreement dated March 31, 1966, between Maximo Moorings Marine Center Inc., (Maximo), William F. Van Valkenberg (Valkenberg) and Chris Craft Industries, Inc., (Chris Craft). In said agreement, Van Valkenberg executed, inter alia, the following guaranty:
GUARANTY
I hereby guaranty the full and prompt payment of the above promissory note and of all extensions and renewals thereof which extensions and renewals may be made without notice to or consent of the undersigned.
DATED: This 31st day of May, 1966.
 ____________________ /s/
 William F. Van Valkenberg
After about a year of operation, Star Chris Craft Sales and Service Inc., (Star) was formed to take over the dealership from Van Bros. Chris Craft Inc., (Van Bros.). Star then executed "assumption of the guaranty of payment of promissory note" whereby it assumed and guaranteed payment of the original promissory note executed by Maximo and guaranteed by Van Valkenberg, this assumption and guaranty of promissory note expressly providing:
"Neither the execution by the undersigned of this assumption and guaranty for payment of said promissory note nor the acceptance thereof by the payee or by any holder of said promissory note nor any of the terms or provisions of this assumption and guaranty shall be deemed *644 or construed in any way to relieve either or both of said promissory note or any prior guarantors or endorsers or endorsers of said promissory note from any liability or obligation thereunder." (Emphasis added)
Simultaneously, Maximo Moorings Marine Center, Inc., by its president, William F. Van Valkenberg, respondent here; Van Bros. Chris Craft Inc., by its president, Frank A. Van Valkenberg, and William F. Van Valkenberg, respondent here, individually and as guarantor, executed a "Consent Agreement of makers and guarantors" whereby each:
"... . . hereby consent, agree and acknowledge that neither the execution by said Star Chris Craft Sales and Service Inc., a Florida corporation, or said assumption and guarantee of payment of said promissory note, nor the acceptance thereof by the said payee or by any holder thereof, nor any of the terms or provisions of said assumption and guaranty of payment of promissory note shall in any way relieve either or both of the said makers of the said promissory note or said guarantor from any liability or obligation thereunder."
and further
"The said Maximo Moorings Marine Center Inc., a Florida corporation and Van Bros. Chris Craft, a Florida corporation, as makers of said promissory note and the said William F. Van Valkenberg as guarantor of said promissory note further consent and agree that any extension, renewal, alteration, amendment or waiver, orally or in writing, of any of the terms and provisions of said promissory note including but not limited to the method, manner, amount and time of payment thereof may be made without notice to or consent of the said Maximo Moorings Marine Center a Florida corporation, Van Bros. Chris Craft Inc., a Florida corporation and William F. Van Valkenberg or any of them." (Emphasis added)
In the course of events, default was made in the payment of said promissory note and the respondents herein were called upon to pay their guaranty. Upon failure to do so, suit was filed in the lower trial court. Some of the pertinent facts involved were that the promissory note provided that installment payments were to be made at the rate of 5 per cent of the gross invoice price on boats sold to the makers, except for the first twelve months from the date of the note (March 31, 1966, to March 30, 1967) but payments were then to be made at the rate of 2 1/2 per cent of the gross invoice payment. After March 31, 1967, Chris Craft accepted four payments based upon 2 1/2 per cent of the gross invoice price. After the execution of the assumption and guaranty of payment by Star Chris Craft Sales and Service, Inc., and the consent agreement of makers and guarantor by Van Valkenberg on May 26, 1967, Chris Craft continued to accept payments from Star Chris Craft Sales and Service Inc., in the amount of 2 1/2 per cent of the gross invoice price of the boats sold.
In the suit in the trial court, the respondents here filed several affirmative defenses which were stricken by the trial judge and upon motion made, the trial court granted a summary judgment to the petitioners for the amount sought, plus interest and costs.
Upon appeal to the District Court of Appeals, Fourth District, that court reversed and remanded, holding that the trial court's action of striking the affirmative defenses was improper. They denied petition for rehearing on September 29, 1971. As previously stated, we first denied certiorari and upon rehearing granted the matter now under review. Oral argument was allowed.
We have jurisdiction based upon conflict between the holding of the Court of Appeal, Fourth District of Florida, in this case below and decision of this court in Fuller, Inc. v. Frank E. Jonsberg, Inc., *645 107 Fla. 330, 144 So. 653 (1932), rehearing denied 107 Fla. 330, 145 So. 67 (1932) and the District Court of Appeal, Third District of Florida, in Morton v. Mercantile National Bank of Miami Beach, 185 So.2d 172 (Fla.App.3rd 1966).
The bedrock questions concern themselves as to whether the affirmative defenses filed by the respondent (hereafter defendant) were sufficient in and of themselves as a matter of law to survive the petitioner's (hereafter plaintiff) motion to strike them; and whether after same having been stricken by the trial court, whether plaintiff's motion for summary judgment was properly granted.
We are compelled to believe that R.C.P. 1.140(f), 30 F.S.A. provides that a motion to strike may be used to seek an order from the court striking any pleading, (1) "... any insufficient defense" or (2) "... any redundant, immaterial, or impertinent, or scandalous matter", but we are equally convinced that the test for determining the legal sufficiency of a defense is decidedly different from that used to determine whether that same defense is "redundant, immaterial, impertinent or scandalous". We must look only to whether the matter was "legally sufficient". The appellate court below apparently used the second grouping for determining from the criteria established by the case law to determine whether the same was "redundant, immaterial, impertinent or scandalous" and not whether the same was an "insufficient defense." Whether a matter is concerned with relevancy, bearing, influence or dignity is applicable only to a determination as to the second cited matter concerning redundancy, immateriality, impertinence and scandal.
As to the defendant's defense that the consent agreement "was wholly without consideration as to this defendant and is unenforceable and of no effect", we can only read from the language of the guaranty executed by the defendant, wherein he states: "any extension, renewal, alteration, amendment or waiver orally or in writing of any of the terms and provisions of said promissory note including but not limited to the method, manner, amount and time of payment thereof may be made without notice to or consent of ..." The makers and guarantor or the defendant never questioned the sufficiency of the consideration of the promissory note and guaranty construction. His mere allegation that the same was without consideration is insufficient. This court in Fuller, Inc. v. Jonsberg, 107 Fla. 330, 144 So. 653 (1932) rehearing denied 107 Fla. 330, 145 So. 67 (1932), said that a portion in an answer identical to the second affirmative defense set forth above was properly stricken because:
"The portion of the answer averring that the assignment of the mortgage to the complainant `was made without consideration' was properly stricken since it is a mere conclusion not supported by any specific allegation of facts." 144 So. 653.
Even if the consent agreement were "totally without consideration" the guarantor's assent to a change or modification of the original obligation will bind him without any new consideration. 38 C.J.S. Guaranty § 73, page 1239, Mosaic Tile Company v. Jones, 111 N.J. Law 385, 168 A. 629, 631 (1933); Knoebel v. Kircher, 33 Ill. 308 (1864).
Florida Statutes 675, (F.S.A. 1965), has been repealed. The defendant's defenses do not allege a physical alteration in the instrument and neither the petitioner nor the respondent here has ever contended that this statute was ever applicable to this case. The appellate court felt that it was the "controlling statute" for affirmative defenses Nos. 3 to 5 concerning the plaintiff's taking payments of 2 1/2 per cent instead of 5 per cent. They cited no authority for this unique conclusion and this court has clearly held that the "material alteration" contemplated by Florida Statutes *646 675.32, F.S.A. is a physical alteration of the instrument.
We said in Bland v. Fidelity Trust Company, 71 Fla. 491, 71 So. 630 (1916) that in order to constitute the "material alteration" of an original instrument contemplated by Florida Statutes 675.32: "... there must be some change or alteration in writing constituting the evidence of the contract so as to make it another and different instrument and no longer evidence of the contract which the parties made." 71 So. 630, 631 (emphasis added). In McCranie v. Cason, 79 Fla. 857, 85 So. 160, 162, we held that it must consist "in erasing or inserting some material matter...". In State Solicitors' Co. v. Savage, 39 Fla. 703, 23 So. 413 (1897), we said it must constitute a "... change in the original physical form of the note by erasure or interlineation".
Here in the instant case, the affirmative defenses do not allege an alteration without consent, they merely allege an alteration. They allege that the plaintiff made extensions of time for payment to the obligor, therefore the guarantor cannot assert that he has been discharged by an extension or renewal agreed to by him. This exception is recognized even by repealed Statute (Florida Statute 675.32). In fact, the guarantor under this instrument in the oral argument before this court, stated that in any event the guarantor would be responsible for a minimum of $15,000.00 per year regardless of whether the payments were made on the basis of 5 per cent per boat or 2 1/2 per cent per boat. Here, the guarantor agreed to the extension complained of both before and after the extensions were made.
In the plaintiff's original complaint, in Exhibit A, Van Valkenberg agreed: ". . I hereby guaranty the full and prompt payment of the above promissory note and of all extensions and renewals thereof, which extensions and renewals may be made without notice to or consent of the undersigned". (emphasis added) He later agreed: "... that any extensions, renewals, alterations, amendments or waivers orally or in writing of any of the terms and provisions of said promissory note including but not limited to the method, manner, amount and time of payment thereof may be made without notice to or consent ..."
As to the defendant's last affirmative defense that he was discharged because he was not furnished with notice of dishonor, it is without merit. The original note contains a waiver of protest and notice of protest which is deemed to be a waiver of presentment and notice of dishonor. Layton v. Orr, 136 Fla. 847, 187 So. 704 (1939).
In addition, the written guaranty executed by Van Valkenberg is absolute and unconditional guarantee of payment. In such a guarantee, the creditor is not required to notify the guarantor of any dishonor. 38 Am.Jur.2d Guaranty, Section 105 cites many cases, including one from Florida, Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902).
We have examined the brief of the defendant (respondent) and the detailed appendix thereof. The respondent lays stress upon the fact that there is insufficient record before this court. The court has examined the very extensive appendix supplied us with respondent's brief. We have examined this appendix in detail and see nothing therein to cause us to recede from our opinion herein expressed. The defendant stresses that a Mr. Robbins, who was the credit manager of plaintiff, had no personal knowledge of the execution or delivery of the notes and guarantees. This is totally irrelevant. Primarily, they are of no concern to him personally and the documents speak for themselves. Further, there has been no disavowal of them by the defendant.
Lastly, let us consider the simple justice of the matter which is primarily our raison d'etre. The defendant guaranteed that he *647 would pay a debt of another and he didn't. The other party did not pay the debt and the creditor called on the guarantor to pay it. The guarantor refused to pay the debt which he had guaranteed and a trial court rendered judgment against him for failure to do so. This is the justice of the matter.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause is remanded with directions to reinstate the judgment of the Circuit Court.
It is so ordered.
ROBERTS, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.