ON MOTION FOR REHEARING
NESBITT, Judge.
On motion for rehearing, Carmona asserts that we overlooked or failed to consider his argument that he assumed the three existing mortgages encumbering the subject real property at the time of closing. Because we have fully disposed of that argument, we would summarily strike the motion for rehearing were it the only ground presented. Fla.R.App.P. 9.330(a).
 However, Carmona also contends that we have deprived him of the opportunity to be heard on the remaining grounds asserted in his response to the motion to vacate the judgment of specific performance, since that motion was denied by the trial court following Bliss’ presentation of his case-in-chief. We have examined Car-mona’s response and find that, for the following reasons, no issues raised therein remain to be disposed of. First, most of the allegations in the response were pure conclusions of law. Certainty is required when pleading defenses and claims alike, Zito v. Washington Federal Savings & Loan Association of Miami Beach, 318 So.2d 175 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 23 (Fla. 1976), and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient. Chris Craft Industries, Inc. v. Van Valkenberg, 267 So.2d 642 (Fla. 1972); Ellison v. City of Fort Lauderdale, 175 So.2d 198 (Fla. 1965); Fuller, Inc. v. Frank F. Jonsberg, Inc., 107 Fla. 330, 144 So. 653 (1932); L.B. McLeod Const. Co. v. Cooper, 101 Fla. 441, 134 So. 224 (1931); Clark v. Boeing Company, 395 So.2d 1226 *1020 (Fla. 3d DCA 1981); Trawick’s Florida Practice and Procedure § 6-6 (1981). Second, the remaining arguments contained in the response are entirely subsumed within the defense of assumption and this issue has been thoroughly presented and treated.
The motion for rehearing is denied.