FARMER, Judge.
Sun Bank appeals a summary judgment in its suit against the personal guarantors of a promissory note given by a corporation in which they were directors. The trial court concluded that extensions of time given by Sun Bank to the corporate maker and a “recomposition” of the maker into a different corporation both released the guarantors from any liability to the bank. We reverse.
The language of the guaranty deals with both aspects. Initially it describes the obligation of the guarantors as absolutely and unconditionally extending to payment of a specified note “together with any extensions, renewals, or modifications thereof”. It expressly provides that the guarantors consent, without any notice, to any extensions that the bank may give to the maker, and that they ratify and confirm all extensions or renewals given by the bank. Finally, it says that the term “borrower” [maker] includes any successor corporation into which all of the assets of the original maker are transferred.
We find it impossible to construe the guaranty as the trial court did. It plainly was intended to cover the very actions which appellees argued released them. In the absence of the above provisions from the document, appellees might arguably have raised triable defensive issues as to a release by the several extensions/renewals of the original obligation and by the dissolution of the original obligor.
As it was, the plain language of the contract precluded such issues as a matter of law. When a guarantor agrees in the *292 guaranty agreement to later extensions of time for payment, he is bound by that agreement despite the later extensions. City of Jacksonville v. L.L. Cheers, Inc., 564 So.2d 1185 (Fla. 1st DCA 1990); U.S. Home Acceptance Corp. v. Kelly Park Hills, 542 So.2d 463 (Fla. 5th DCA 1989); and Morton v. Mercantile National Bank of Miami Beach, 185 So.2d 172 (Fla. 3rd DCA 1966).
Similarly the agreement contemplated continuing liability for any successor by merger or dissolution, and there is no logical reason why that aspect of the agreement should not be enforced according to its terms just because what the parties envisioned might happen actually later happened. A director who guarantees obligations of his corporation, as well as any successor or transferee of all corporate assets, can hardly claim surprise or prejudice simply because the corporation later actually merges or transfers its assets to another.
We therefore see no alternative to reversing the summary judgment. We remand for proceedings not inconsistent with this opinion.
REVERSED WITH DIRECTIONS.
DOWNEY and GUNTHER, JJ., concur.