750 So.2d 676 (1999)
BAKST, CLOYD & BAKST, P.A., f/k/a Ackerman, Bakst & Cloyd, P.A., Appellant,
v.
Phyllis COLE, f/k/a Phyllis Kehoe, Appellee.
No. 98-4104.
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
Tina M. Talarchyk of Bakst, Cloyd & Bakst, P.A., West Palm Beach, Attorney pro se.
Steven L. Perry of McCarthy, Summers, Bobko, McKey, Wood & Sawyer, P.A., Stuart, for appellee.
PER CURIAM.
We have for review an order of the trial court finding that the former wife's homestead property is not subject to her former attorney's charging lien. We affirm.
Bakst, Cloyd & Bakst, formerly known as Ackerman, Bakst & Cloyd, represented the appellee, Phyllis Cole, in her divorce. As a result of that representation, the law firm obtained a charging lien. In a prior appeal, Cole challenged the scope of the charging lien contending that it was too broad. This court agreed and remanded with instructions that the trial court modify its order to reflect that the lien "is only upon those items of property before the court in the dissolution action." See Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998). On remand, the law firm filed a motion requesting that the trial court modify the lien in accordance with this court's mandate and rule that Cole's homestead property was subject to attachment. The trial judge found that Cole's homestead property was not subject to the attorney's charging lien. The law firm appealed.
We affirm on the authority of Sherbill v. Miller Manufacturing Co., 89 So.2d 28 (Fla.1956). There, the Florida Supreme Court addressed whether homestead protections could be waived by the debtor as part of the consideration for a loan which did not involve the exceptions set forth in the constitution, such as home purchase loans, repair loans and the like. See Art. X, § 4(a), Fla. Const. The debtors, in Sherbill, obtained a loan by executing a note that specifically provided "`* * * The makers and endorsers of this note hereby waive the benefit of their homestead exemption as to this debt * * *.'" 89 So.2d at 29. When the debtors defaulted, the creditor obtained a judgment and sought to levy on the Florida real property, contending that the debtors had waived their homestead exemption and that such a waiver was valid in Virginia where the note was executed. The supreme court rejected the creditor's argument and refused *677 to enforce the waiver on public policy grounds. See id. at 31; see also Shawzin v. Sasser, 658 So.2d 1148 (Fla. 4th DCA 1995)(holding that it was error for the trial court to exempt from attorney's charging lien those portions of proceeds from sale of marital home that former husband did not intend to reinvest in another homestead), review denied, 669 So.2d 252 (Fla.1996).
In reaching this conclusion, we have not overlooked Myers v. Lehrer, 671 So.2d 864 (Fla. 4th DCA), review denied, 678 So.2d 1287 (Fla.1996). In that case, a husband and wife entered into a property settlement agreement, which was later incorporated into the terms of a final judgment of dissolution. The agreement called for the sale of the marital residence and provided that "[t]he Husband shall satisfy any and all outstanding judgments pending against him from his share of the proceeds received from the sale of the marital property." 671 So.2d at 865. At the time of the judgment of dissolution of marriage, the former husband had two outstanding, recorded judgments against him, totaling more than $55,000. Following the sale of the marital residence, the former husband refused to pay off these judgments, claiming that the proceeds were protected by his homestead exemption. The trial judge ordered that the former husband use the proceeds to pay the judgments and this court affirmed. In so doing, this court distinguished Sherbill on the ground that the case before it did not involve the type of "hard creditor" circumstance present there. 671 So.2d at 866. Rather, the former husband's promise was made to the former wifeone also entitled to the homestead protection.
Here, contrary to Myers, any alleged waiver of homestead protections was not as between husband and wife. Additionally, the contract language in Myers specifically provided that the former husband would use the proceeds from the sale of the martial residence to pay his creditors; thus, putting the former husband on notice that he was waiving his homestead protections. Here, however, nothing in the retainer agreement even hints that Cole is waiving her homestead exemption. Thus, even if Sherbill did not prohibit the result sought by the appellant law firm, the language of the contract would be insufficient to establish a knowing waiver of such an important constitutional right as homestead protection. We cannot liken the law firm's defense of Cole's interest in her home within the context of the dissolution action to any of the other constitutional exceptions which would allow the waiver of homestead protection.
AFFIRMED.
STONE, POLEN and STEVENSON, JJ., concur.